UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., <br> 2 Bethesda Metro Center, 10th Floor <br> Bethesda, Maryland 20814, <br><br> and <br><br> COSTAR GROUP, INC., <br> 2 Bethesda Metro Center, 10th Floor <br> Bethesda, Maryland 20814, <br><br> Plaintiffs, <br><br> v. <br><br> KLEIN & HEUCHAN, INC. <br> 1744 Belcher Rd, Suite 200 <br> Clearwater, FL 33765 <br><br> and <br><br> SCOTT BELL <br> 1744 Belcher Rd, Suite 200 <br> Clearwater, FL 33765 <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs COSTAR REALTY INFORMATION, INC., a Delaware Corporation, and COSTAR GROUP, INC., a Delaware Corporation (collectively "CoStar" or "Plaintiffs"), for their Complaint against Defendants KLEIN & HEUCHAN, INC. ("K&H") and SCOTT BELL ("BELL"), allege as follows:

## PARTIES

1. CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland, 20814-5388.

2. CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, Maryland, 20814-5388.

3. Defendant K&H is, upon information and belief, a Florida corporation, organized and existing under the laws of the Florida, with its principal place of business located at 1744 Belcher Rd, Suite 200, Clearwater, FL 33765.

4. Defendant BELL is, upon information and belief, a Florida resident and works exclusively on behalf of, and at the direction of Defendant K&H out of K&H's principal place of business located at 1744 Belcher Rd, Suite 200, Clearwater, FL 33765.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States. The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act. This Court has subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

7. Personal jurisdiction over K&H is proper in this District because: (a) through BELL's acceptance of CoStar's online Terms of Use, which contain a forum selection clause, K&H has consented to jurisdiction in this District; (b) it has purposefully directed its unlawful behavior at this District by knowingly and willfully receiving the benefits of the use of CoStar's services, which is based out of Maryland; (c) by its knowing and willful facilitation of the use of CoStar's proprietary database by BELL, it has committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and has caused actual tortious injury in this District; (d) because K&H willfully received the benefits of the use of CoStar's services subject to the Terms of Use for the www.costar.com website, which contains a forum selection clause requiring that cases be brought in Maryland; and (e) K&H has frequently and consistently engaged in business contacts with CoStar employees in Maryland as a part of over 1,000 contacts between K&H and CoStar over the past 10 years.

8. Personal jurisdiction over Bell is proper in this District because: (a) by agreeing to the Terms of Use for the www.costar.com website, Bell has consented to the jurisdiction of this Court; (b) by his use of CoStar's proprietary database he has committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and have caused actual tortious injury in this District; and (c) he has purposefully directed his unlawful behavior at this District by repeated electronic activity and interaction with CoStar's computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes.

## BACKGROUND

9. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information databases available. CoStar currently employs the services of approximately 1000 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

10. CoStar's photographs and the other information in CoStar's databases are not part of a repository of information generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

11. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for *ad hoc* access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

12. Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed sites. Licensed users are limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee.

13. Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An authorized user must input a valid user identification and password at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising the user on each occasion of their use. "By logging in you are agreeing to CoStar's terms of use." and "Access restricted to licensed users. Sharing of passwords is prohibited." The authorized user must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at periodic intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our Terms of Use." Here too, by clicking on the underlined phrase, the user can view the terms of use.

14. The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

15. In addition, the Terms of Use specifically note that "[p]ortions of the [website] are available only to individuals or entities who purchase a subscription ('Subscribers') and who, as specified in these Terms of Use and/or in the associated written license agreement between the Subscriber and CoStar that authorizes use of the information or product(s) (the 'License Agreement'), are Authorized Users (as defined below) under such a subscription."

16. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

17. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

6

18. Finally, the Terms of Use provide that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use."

## EVENTS GIVING RISE TO THE LAWSUIT

19. One of CoStar's customers ("CUSTOMER") signed a License Agreement with CoStar for access to the CoStar Property Professional®, CoStar Comps® and CoStar Tenant® commercial real estate information databases and related software.

20. Under Sections 1, 2 and 12 of CUSTOMER's License Agreement with CoStar, CUSTOMER agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the CUSTOMER-specific IDs and passwords assigned by CoStar, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.

21. One of CUSTOMER's users was BELL, who was, upon information and belief, CUSTOMER's employee or an independent contractor working exclusively for CUSTOMER. Upon information and belief, in December 2006 BELL ceased to be associated with CUSTOMER.

22. After BELL ceased to be associated with CUSTOMER, BELL began an association with K&H soon thereafter. Upon information and belief, BELL operates either as an employee of K&H or as an independent contractor working exclusively for K&H. Upon information and belief, BELL works out of K&H's offices, is supplied with computer equipment and an Internet connection, and is presented to the public as a K&H employee, including on K&H's website,

7

http://www.kleinandheuchan.com/our_people.htm. As such, K&H has, at all times since BELL's association with K&H, the right and ability to observe and to control BELL's conduct.

23. Instead of terminating use of the CoStar user name and password provided to him through CUSTOMER once he associated with K&H, BELL continued to access the services to which CUSTOMER had subscribed. BELL's use of CoStar's services was for the purpose of benefitting K&H and within his responsibilities as an employee of or independent contractor for K&H.

24. K&H supplied all the facilities necessary for BELL to access CoStar's services including, upon information and belief, office space, computer equipment, and an Internet connection. Upon information and belief, BELL's use of CoStar's services was open and notorious in K&H's offices, and K&H knew that BELL was using CoStar's services and made no effort to prevent BELL from using CoStar's services.

25. By gaining unauthorized access to CoStar's products, BELL was able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs on K&H's computers.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT AGAINST BELL

26. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 of the Complaint.

27. CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information. CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

8

28. CoStar owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers. CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

29. By virtue of his unauthorized access to CoStar's products, BELL has infringed CoStar's copyrights in its database compilations, including by reproducing, distributing and/or displaying original and protectable expression covered by CoStar's compilation copyrights.

30. By virtue of his unauthorized access to CoStar's products, BELL has infringed CoStar's copyrights in its commercial real estate photographs, including by reproducing, distributing and/or displaying such photographs. Upon information and belief, BELL has infringed CoStar's copyrights in more than 100 photographs. A partial list of these photographs, as well as the copyright registrations corresponding to such photographs, are attached hereto as Exhibit A.

31. BELL's infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its database compilations and its photographs.

32. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by BELL prior to their infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action.

33. As a result of BELL's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

# COUNT II
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY K&H

34. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34 of the Complaint.

35. As set forth in Paragraphs 27 through 34, BELL has infringed CoStar's copyrights.

36. K&H, by virtue of the fact that it provided BELL with office space, computers, and Internet access through which BELL infringed CoStar's copyrights, materially contributed to BELL's infringement of CoStar's copyrights.

37. K&H provided such material contribution to BELL knowing or with reason to know that BELL would to access CoStar's Internet website and thus infringe CoStar's copyrights.

38. As a result of K&H's conduct in facilitating BELL's infringement of CoStar's copyrights, K&H is liable for contributory copyright infringement. K&H's contributory infringement was willful.

39. By virtue of the fact that K&H had control over the means by which BELL obtained access to CoStar, K&H had the right and ability to control BELL's infringing conduct.

40. Upon information and belief, K&H has obtained a direct financial benefit from BELL's infringement of CoStar's copyrights.

41. As a result of K&H's conduct, K&H is liable for vicarious copyright infringement. K&H's vicarious infringement was willful.

42. Because CoStar registered its copyrights in the database compilations and commercial real estate photographs infringed by BELL prior to his infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less

10

than $750 and up to $150,000 per work, as well as the attorney's fees and costs of prosecuting this action. K&H is responsible for such statutory damages as a joint tortfeasor with BELL.

43. As a result of K&H's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

## COUNT III
## VIOLATION BY BELL OF § 18 U.S.C. 1030:
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

44. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 44 of the Complaint.

45. The computer system on which CoStar's databases reside is a computer used in interstate commerce or communication, and is thus a protected computer under 18 U.S.C. § 1030.

46. When BELL accessed the passcode-protected portions of the CoStar Internet website, BELL intentionally accessed a protected computer without authorization.

47. BELL's unauthorized access of a protected computer has caused damage to CoStar that has amounted in an aggregated loss of over $5,000 during a one-year period.

48. BELL's conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses, damages, and irreparable injury, in amounts not yet ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by BELL. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT IV
## BREACH OF CONTRACT AGAINST BELL

49. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of the Complaint.

50. By accessing CoStar's Internet website, BELL agreed to be bound by the terms of use agreement of CoStar's website. CoStar's website terms of use agreement is a valid contract.

51. BELL breached the terms of use agreement by, *inter alia*, accessing and using the CoStar databases without authorization from CoStar on 132 occasions for a total of 46 hours, involving "hits" to 12,829 pages on the CoStar Website.

52. CoStar has been injured by BELL's breach as described above. Among other things, BELL's breach of contract has caused CoStar to lose the license fee revenue associated with granting licenses to CoStar products. Some of CoStar's injury as a result of BELL's breach resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** CoStar asks that this Court:

(1) Enter a judgment against BELL that he has breached its contract with CoStar;

(2) Grant a preliminary and permanent injunction (a) restraining and enjoining K&H and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from making any unauthorized access to or use of any CoStar database service; and (b) ordering K&H and any of its principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, to permanently delete and destroy all portions of any CoStar database service within their

possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3)     Enter judgment against Defendants and in favor of CoStar for compensatory damages;

(4)     For an award of statutory damages of up to $11,450,000 as a result of Defendants' willful infringement of CoStar's copyrights.

(5)     For an award of the costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and other applicable laws.

(6)     Enter judgment against Defendants and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7)     Grant CoStar such other and further relief as is just.

Dated: June 17, 2008                    Respectfully submitted,

_____
Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

Attorneys for Plaintiffs CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation