UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

COSTAR REALTY INFORMATION,
INC. et al.,

    Plaintiffs

v.                                           Civil No.: 08-CV-01575-AW

KLEIN & HEUCHAN, INC., et al.,

    Defendants

_____/

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION, OR ALTERNATIVELY,
<u>MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA</u>**

Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its undersigned counsel and pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, hereby files this Motion to Dismiss for Lack of Personal Jurisdiction. In the alternative, and subject to the Motion to Dismiss for Lack of Personal Jurisdiction, K&H files this Motion to Transfer Venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a). For the following reasons, this case should be dismissed for lack of personal jurisdiction over H&K, or in the alternative, transferred to the United States District Court for the Middle District of Florida, Tampa Division, where a lawsuit encompassing the very same facts was filed prior to the initiation of this case.

### I.    THE PARTIES

Plaintiffs COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC. (hereinafter collectively "COSTAR") are Delaware corporations with their principal

place of business and corporate offices located in Bethesda, Maryland.  *See Complaint* at ¶¶ 1&2.  COSTAR is a commercial real estate information services provider making real estate information available through its website.  *See id*. at ¶¶ 9-11.  COSTAR has vast operations throughout the nation.  *See id.* at ¶¶ 9&10.  COSTAR employs over 1,100 individuals who canvass the country building its information databases.  *See id.*  Access to the vast majority of COSTAR's information is limited to authorized users.  *See id*. at ¶11.

In contrast to the size and nationwide scope of COSTAR, K&H is a closely held Florida corporation based in Clearwater, Pinellas County, Florida.  *See Affidavit of Mark S. Klein* at ¶¶3 & 5, attached hereto as "Exhibit A."  K&H provides brokerage services, property management services and development services to clients within the Tampa Bay area.[1]  *See id.* at ¶4.  K&H's sole shareholder is Mark S. Klein a real estate broker licensed in the State of Florida and a Certified Commercial Investment Member.  *See id.* at ¶2-3.  In addition to Mr. Klein, approximately 18 other Independent Service Professionals work out of two (2) offices maintained by K&H in Clearwater, Pinellas County, Florida.  *See id.* at ¶¶5-6.

K&H's sole business contacts have been inside the State of Florida and K&H has no contacts with the State of Maryland.  *See id* at ¶¶7-14.  Since the formation of K&H over twenty years ago, K&H's offices have always been located in Clearwater, Pinellas County, Florida.  *See id.*  K&H has never performed any business outside the State of Florida.  *See id.*  K&H has never maintained an office, mailing address or telephone

---

[1] The Tampa Bay Area encompasses the following counties in Southwest Central Florida: Pinellas, Hillsborough, Polk, Pasco, Hernando and Manatee

number outside of the State of Florida. *See id.* K&H has never owned, leased, rented or controlled any real property outside of the State of Florida. *See id.* K&H has never maintained accounts at either savings and loan associations or banks outside of the State of Florida. *See id.* K&H has never obtained or maintained any licenses outside of the State of Florida. *See id.* Finally, K&H has never signed any agreements with COSTAR.

Co-defendant Scott Bell is an independent sales professional who began working with K&H in December of 2006. *See id*. at ¶16. Mr. Bell does not earn a salary or receive a draw from K&H but earns a commission from each transaction that he closes. *See id*. at ¶17-18. K&H believes that the evidence will show that Mr. Bell had been granted authorization to access the COSTAR databases while employed with his prior employer, a competitor of K&H, and that his access continued after his relationship with the competitor ended.

## II. PROCEDURAL BACKGROUND

COSTAR's instant Maryland lawsuit is an improper attempt to obtain legal advantage over K&H, a small regional real estate brokerage firm in Pinellas County, Florida. COSTAR is waging war against K&H on two jurisdictional fronts – one with no connection to K&H – in an attempt to forum shop in a jurisdiction inconvenient to K&H and to almost all of the relevant witnesses.

This case is the second filed suit between COSTAR and K&H. Following allegations made by Plaintiff that K&H wrongfully obtained access to Plaintiffs' computer database(s), on June 4, 2008 K&H filed a declarative action in the Florida State Courts in Pinellas County, Florida pursuant to Chapter 86 of the Florida Statutes. This

lawsuit sought the Florida State Courts to declare K&H's rights and obligations as they relate to COSTAR and to declare that K&H has no obligations pursuant to any agreement. That same day, counsel for K&H forwarded the lawsuit to in-house counsel for COSTAR asking if they could accept service. A copy of this correspondence enclosing a courtesy copy of the suit is attached as "Exhibit B." COSTAR's did not respond to counsel. Instead, COSTAR filed the instant lawsuit against K&H and Scott Bell, an independent real estate sales agent, in the District of Maryland on June 17, 2008.

Only Count II of COSTAR's Complaint is directed against K&H. This count alleges that K&H engaged in contributory and vicarious copyright infringement by providing Mr. Bell with office space, computers and internet access through which Mr. Bell allegedly infringed COSTAR's copyrights. *See Complaint* at ¶¶ 34-43. These are the sole actions on the part of K&H that COSTAR alleges sufficiently connects K&H to the jurisdiction of Maryland.

After filing the instant Maryland litigation, COSTAR then removed the Florida state court action to the Middle District of Florida and then filed a motion to dismiss or to transfer venue to the District of Maryland.[2] A copy of COSTAR's Motion is attached as "Exhibit C." COSTAR has made this motion despite the fact that the Florida litigation was filed and served first. COSTAR's attempt at forum shopping and to force K&H to engage in multi-jurisdiction litigation should not be permitted. COSTAR's actions are made for the sole purpose of forcing K&H, a small Florida real estate company, to be forced to retain lawyers in multiple jurisdictions and litigate in a foreign jurisdiction.

---

[2] COSTAR does not challenge jurisdiction in the Middle District of Florida.

This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction over K&H. Alternatively, should this Court deny K&H's Motion to Dismiss, because the District of Maryland is an improper venue and because the interest of justice and the convenience of the parties and witnesses require it, this Court should transfer this action to the Middle District of Florida, Tampa Division.

### III. THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED BECAUSE THE EXERCISE OF PERSONAL JURISDICTION OVER K&H DOES NOT COMPORT WITH THE DUE PROCESS CLAUSE

This Court may only exercise jurisdiction over K&H, a non-resident defendant, in the manner and extent authorized by state law in the forum state. *See* Fed. R.Civ. P. 4(k); *ePlus Tech v. Aboud*, 313 F.3d 166, 175 (4th Cir. 2002). Thus, a federal court only has personal jurisdiction over K&H if a Maryland state court in this court's forum state would have personal jurisdiction. *Copies Typewriters Calculators, Inc. v. Toshiba*, 576 F. Supp. 312, 318 (D. Md. 1983). When deciding a motion to dismiss for lack of personal jurisdiction in this District, the plaintiff must establish every element of jurisdiction and prove that the defendant is subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001).

To evaluate whether personal jurisdiction exists, a federal court should engage in a two-part analysis. *Costar Reality Info., Inc. v. Centers & Malls, LLC,* Case No. AW-07-1182, (D. Md. July 5, 2007). The Court must first determine whether the state long-arm statute authorizes the exercise of jurisdiction in the particular circumstances presented. Second, if the Court finds that the long-arm statute permits the court to

exercise jurisdiction, the court will then consider whether such an exercise of jurisdiction comports with the due process standards of the Fourteenth Amendment. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Christian Sci. Bd. Of Dir. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *Ellicott Mach. Corp v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

Because COSTAR filed this matter in federal court in Maryland, this Court must first examine whether it may exercise personal jurisdiction over K&H under Maryland law. Maryland's long-arm statute provides, in pertinent part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the state; …
> (3) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the state …

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). Courts have interpreted Maryland's long-arm statute as coterminous with the limits of the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002). Accordingly, "the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries become one." *Id*.

The exercise of personal jurisdiction over non-resident K&H comes nowhere near comporting with the Due Process Clause. Compliance with the Due Process Clause requires that K&H have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 941-42 (4th Ci1994). The purpose of the minimum contacts analysis is to determine whether a defendant had a surrogate presence in the state. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). This court must focus its inquiry on whether K&H's "contacts with the forum state are so substantial that they amount to a surrogate for presence and . . . render the exercise of sovereignty just, notwithstanding the lack of physical presence in the state." *Id.* Importantly, "[a]lthough the courts have recognized that the standards used to determine the proper exercise of personal jurisdiction may evolve as technological progress occurs, it nonetheless has remained clear that technology cannot eviscerate the constitutional limits on a State's power to exercise jurisdiction over a defendant." *ALS Scan, Inc.*, 293 F.3d at 711.

In conducting the personal jurisdiction analysis, the Supreme Court has drawn a distinction between "specific" and "general" jurisdiction. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction exists where a suit "arises out of" a defendant's contacts with the forum state. *Id*. General jurisdiction, which permits a court to subject a non-resident defendant to a suit in the forum wholly unrelated to any contact it has with the forum, exists only where a foreign defendant's in-

state activities amount to "continuous and systematic" contact with the state. *Id*. 414-15. The level of contact required for the exercise of general jurisdiction is significantly higher than that required for specific jurisdiction. *ESAB Group, Inc.* 126 F.3d at 628.

COSTAR's Complaint against K&H should be dismissed because there is no basis for asserting personal jurisdiction over K&H in Maryland and COSTAR has failed to allege a prima facie case for personal jurisdiction over K&H in this Court. COSTAR alleges that personal jurisdiction over K&H is proper for 5 reasons:

(a) Because codefendant Scott Bell allegedly accepted the online Terms of Use which contained a forum selection claims;

(b) Because K&H "purposefully directed" its behavior "at this District by knowingly and willfully receiving the benefits of the use of COSTAR's services, which is based out of Maryland"

(c) Because K&H allegedly "facilitated the use of COSTAR's database by co-defendant Scott Bell;

(d) Because K&H allegedly "received the benefits of the use of COSTAR's services subject to the Terms of Use for the [COSTAR website]"; and

(e) Because K&H allegedly "frequently and consistently engaged in business contacts with COSTAR employees in Maryland.

*See Complaint* at ¶7. Despite COSTAR's creative license with the facts, the Due Process Clause will simply not justify hauling K&H into court in Maryland. COSTAR's Complaint contains nothing more than blanket assertions and conclusory statements and fails to make any specific allegations as to the basis for Plaintiffs' claims against K&H. Nowhere in the Complaint can the Court even infer as to how K&H accessed COSTAR's website, when K&H accessed COSTAR's website or when K&H agreed to the phantom "Terms of Use" on COSTAR's website.

COSTAR's allegations that co-defendant Scott Bell's actions should somehow be imputed to K&H and require K&H to submit to jurisdiction in Maryland should not be permitted. Scott Bell is an independent contractor working as an independent real estate agent with K&H. *See Affidavit of Mark S. Klein* at ¶16. K&H asserts little control over Mr. Bell's activities and the manner in which he performs his job duties. *See id*. at ¶17-23. While K&H provided Mr. Bell with an office and internet access, any time Mr. Bell accessed the internet was on his computer and the date and time of his choosing. *See id.* K&H never instructed Mr. Bell to access any COSTAR databases and never received any direct financial benefit from any access Mr. Bell may have had. *See id.*

Plaintiff's sole claim against K&H is that K&H vicariously and contributorily infringed COSTAR's copyrights. *See Complaint* at ¶¶ 34-43. COSTAR alleges that this infringement flows from the fact that K&H provided the office space, computer,[3] and internet access through which co-defendant Bell allegedly infringed COSTAR's copyrights. Plaintiff simply does not even allege sufficient contacts with Maryland. Without a showing of additional conduct <u>by K&H</u> directed towards the forum, mere generalized vicarious or contributory exploitation of a copyright from a foreign jurisdiction does not amount to purposeful availment. *See Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002). "To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the alleged infringing work was ultimately sold by others without the defendant taking any further acts directed at that forum." *Id*.

---

[3] Mr. Bell utilized his own computer. K&H provides office space and internet access. *See Affidavit of Mark S. Klein* at ¶19.

"Such a broad rule would amount to a judicial rewriting of the Copyright Act to provide for nationwide service of process." *Id.* (citing *Johnson v. Tuff N Rumble Mgmt., Inc.*, Civ. No. 99-1374, 1999 WL 1201891, *3 (E.D. La. Dec. 14, 1999) (no nationwide service of process under Copyright Act); *see also Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 (9th Cir. 1993) (because "no applicable federal statute" provides for service of process, California's long-arm statute governs in a copyright infringement action).

Under COSTAR's theory, any coffee shop or internet café that provided a desk to someone who accessed the COSTAR databases could be subject to jurisdiction in the District of Maryland. This is clearly not the state of the law and should not be permitted in this matter. Given the facts of this case, K&H never had sufficient "minimum contacts" with Maryland and traditional notions of fair play and substantial justice would be significantly offended should personal jurisdiction be maintained.

In *Ottenheimer*, the plaintiff claimed that the British company defendant had infringed its registered copyright property and should be subject to jurisdiction in Maryland. *Ottenheimer Publishers, Inc. v. Playmore, Inc.* 158 F.Supp.2d 649 (D. Md. 2001). Plaintiff claimed that the copyright infringement occurred in Maryland as plaintiff was located there and its operation was conducted from its Maryland's headquarters. *Id.* However, the plaintiff and defendant had previously entered into contracts for the distribution of the copyright materials and the contracts contained a choice of law provision setting forth venue in Maryland. *Id.* Nevertheless, the *Ottenheimer* court declined personal jurisdiction over defendant. *Id.* The Court explained that the alleged copyright infringement of Plaintiff's property could not be construed as defendant's

express aim in Maryland to invoke jurisdiction under *Calder v. Jones*, 465 U.S. 783 (1984). *Id*. at 653 ("[Defendant's] representatives had never visited Maryland, nor had [defendant] established a physical presence in Maryland.").

Applying the *Ottenheimer* rationale to the case at bar, K&H's alleged conduct, including providing the means (a desk and internet access) for Mr. Bell to allegedly commit copyright infringement, even if taken as true, cannot be construed as a basis for jurisdiction because it does not constitute an express aim at Maryland. All of the alleged actions by K&H and Bell occurred in Florida. K&H has not conducted any business in Maryland, nor aimed any of its actions towards the state. *See Affidavit of Mark S. Klein*. Consequently, COSTAR's allegations that jurisdiction is proper simply cannot be sustained.

  **IV. IN THE ALTERNATIVE, K&H'S MOTION TO TRANSFER THIS CASE TO THE FIRST FILED VENUE OF THE MIDDLE DISTRICT OF FLORIDA IS APPROPRATIE UNDER FED. R. CIVL. P. 12(B)(3) AND 28 U.S.C. § 1404(A)**

  **A. Venue is Improper in the District of Maryland.**

Plaintiffs contend that venue is proper in the District of Maryland pursuant to 28 U.S.C § 1391 because "a substantial part of the events giving rise to the claims occurred in this District and a substantial part of the property that is the subject of the action is situated in this District." COSTAR's allegations lack merit on their face.

The bases of COSTAR's claims against K&H are that it provided Mr. Bell with the means (the office space and internet access) for him to allegedly infringe upon COSTAR's copyrights. *See Count II of Complaint* at ¶¶ 34-43. These "material contributions" are the sole activities of K&H that COSTAR asserts bring contributory

11

and vicarious copyright infringement liability upon K&H. However, none of these actions were done in Maryland. Moreover, none of these actions were directed toward Maryland. *See Affidavit of Mark S. Klein.* K&H provided the office space in one of its two offices in Clearwater, Pinellas County, Florida. *See id.* K&H operates no other offices. *See id.* Likewise, K&H provided the internet access in the same Clearwater based offices. *See id.*

Moreover, even if the actions of Mr. Bell in accessing COSTAR's websites could be somehow imputed to K&H, all of those actions and activities also occurred in Clearwater, Pinellas County, Florida. There have been no allegations that Mr. Bell or anyone from K&H performed any action whatsoever in Maryland. None of these alleged actions occurred in or were directed towards Maryland. In reality, the sole basis for asserting that venue is proper is because the servers that host COSTAR's web based databases are located in Maryland. The location of a party's servers should not form the basis for imposing a foreign venue upon a foreign defendant.

### B. Transfer to the Middle District of Florida is Appropriate

This lawsuit filed in Maryland is a blatant attempt to avoid litigating in the Middle District of Florida where COSTAR removed K&H's first filed action originally filed in state court. The fact that K&H first filed suit against COSTAR weighs heavily in favor of transfer to the first filed jurisdiction. *See Tenefrancia v. Robinson Expert & import Corp.*, 921 F.2d 556, 557 (4th Cir. 1990) (reversing the district court and concluding that venue was proper in the first filed jurisdiction). Where other factors with respect to change of venue are equal, a cause "ought to be tried in the district court in which it was

first filed." *See Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir. 1974); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). This "first-to-file principle" has been generally applied. *See Ellicott Machine Corp. v. modern Welding Co.,* 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (1965), cert dismissed, 384 U.s. 948 (1966) ("Absent the showing of balance of convenience in favor of the second action, it has long been held that a principle of sound judicial administration mandates that the first suit have priority.")); *accord Martin v. Graybar Elec. Co.,* 266 F.2d 202 (71th Cir. 1959); *Croseley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3rd Cir.), cert denied, 315 U.S. 813 (1941).

Accordingly, because K&H first filed its lawsuit against K&H in Florida, because the Florida lawsuit involves the very same set of factual allegations as the instant case, and because the District of Maryland is the improper forum, this Court should transfer this cause to the currently pending matter in the Middle District of Florida, Tampa Division should the Court not grant the Motion to Dismiss.

Moreover, because the convenience of the parties and witnesses and the interests of justice requires, this Court should transfer this cause to the Middle District of Florida. 28 U.S.C. § 1404(a) provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

K&H respectfully submits that because almost all of the witnesses to this action are in Florida, convenience dictates that the case should be tried in the Middle District of Florida. Aside from any COSTAR witnesses who may testify regarding the COSTAR

databases and servers located in Maryland, every other witness to this action reside in Florida. Mr. Bell and all of the representatives of K&H reside in Florida. Moreover, discovery regarding Mr. Bell's prior employer where he obtained a subscription to the COSTAR databases will become extremely relevant and take place in Florida. All of the discovery into who did what, where and when will need to take place in Florida. Accordingly, because almost all of the witnesses will be in Florida, the convenience of the parties and witnesses points toward Florida as the proper forum for the litigation to continue.

A court's decision whether or not to transfer a case under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 f.2d 523, 528 (5th Cir. 1988). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F.Supp.2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness"). Because of the location of almost all of the witnesses, the convenience of the parties and the interest of justice weigh heavily in having this case tried in the Middle District of Florida. Accordingly, K&H respectfully requests this Court transfer this cause to the Middle District of Florida, Tampa Division.

V.   **CONCLUSION**

This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction

over K&H.  Alternatively, should this Court deny K&H's Motion to Dismiss, because the District of Maryland is an improper venue and because the interest of justice and the convenience of the parties and witnesses require it, this Court should transfer this action to the Middle District of Florida, Tampa Division.

                Respectfully submitted,

                _____
                PAUL M. FINAMORE
                Federal Bar #: 05992
                Niles, Barton, and Wilmer, LLP
                111 South Calvert Street
                Suite 1400
                Baltimore, Maryland 21202
                (410) 783-6300
                Attorneys for Defendant
                Klein & Heuchan, Inc.

Of Counsel:

Jeffrey W. Gibson, Esquire[4]
Florida Bar #: 0568074
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966
Non-resident Attorneys for Defendant
Klein & Heuchan, Inc.

ND: 4832-1257-9586, v. 1

---

[4] Admitted to the Bar of Florida.  It is anticipated that counsel will request admission *pro hac vice* in this Court in the event that the case continues in this Court.