IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KLEIN & HEUCHAN, INC. and SCOTT BELL, <br><br> Defendants. | Civil Action No. 8:08-cv-1575-AW |

**COSTAR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY,
<u>MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA</u>**

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submit this Response in Opposition to Defendant Klein & Heuchan, Inc.'s ("K&H") Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue to the Middle District of Florida (D.E. 8). For the reasons set forth below, K&H's motion should be denied in its entirety.

**<u>INTRODUCTION AND SUMMARY</u>**

CoStar's copyright claim against K&H arises out of its interest in protecting the copyrighted photographs in its web-based real estate information database – a database that requires a license to access, and for which K&H had no license. Instead, K&H facilitated the copyright infringement of the photographs on the database by one of its employees or independent contractors, Defendant Scott Bell ("Bell"). Moreover, it is K&H – not CoStar – who brought a related declaratory judgment action against

1

CoStar in Florida. K&H's Florida action is incomplete because it references only a contractual dispute between the parties and does not name co-defendant Scott Bell as a party. K&H was aware of both CoStar's federal copyright claim and the involvement of Scott Bell at the time it filed its Florida action, and yet it somehow chose to omit both and to file its complaint in state court.

**The Court Has Personal Jurisdiction Over K&H:** K&H's tortious activity – facilitation of Bell's illegal access to CoStar's password-protected services – was purposefully directed at and occurred in Maryland, where CoStar's computer servers are located. Declaration of Steven J. Williams ("Williams Decl.") at ¶ 6 (Ex. A). Thus, under black-letter law providing that jurisdiction lies where a tort is committed and where a defendant has "purposefully directed" its activities towards Maryland, this Court has personal and specific jurisdiction over K&H because of its tortious conduct committed in Maryland. *See, e.g.*, *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004).

**The District of Maryland Is the Proper Venue for this Case:** K&H argues that this case should be transferred to Florida because K&H filed a related action in Florida before CoStar filed this action in this Court. K&H's Florida action, however, is a declaratory judgment action that was filed for forum-shopping purposes in anticipation of litigation. Moreover, the case pending in this Court would also result in a more complete resolution of the parties' dispute because it includes all of CoStar's claims against K&H and names all necessary parties. The "first-filed" rule therefore does not apply, and this case should not be transferred on that ground. This case also should not be transferred under the standards of § 1404(a), which demonstrate that the convenience of the parties and the interest of justice strongly favor Maryland as a proper venue.

CoStar's allegations and the attached declaration provide a more than ample basis to support the Court's exercise of personal jurisdiction over K&H. For the same reasons, this Court is the proper venue for this case and it should deny K&H's attempt to transfer this case to Florida.

## FACTUAL BACKGROUND

Headquartered in Maryland, CoStar is a leading, national, commercial real estate information services provider. *See* D.E. 1, Complaint ("Complaint") at ¶ 9. This case, and the case in Florida, arise out of the unauthorized access to CoStar databases by Defendant Scott Bell ("Bell"), who is an employee or independent contractor of K&H. *See id.* at ¶¶ 19-25.

CoStar's suite of proprietary, web-accessed information services help commercial real estate professionals, such as brokers, owners, lenders, appraisers, and REITs, to understand market conditions and identify and evaluate specific opportunities. *Id*. at ¶¶ 9-10. CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone. *See id*. CoStar's computer servers, which host its database, are house in Bethesda, Maryland. Williams Decl. at ¶ 6. CoStar licenses its products to businesses pursuant to written license agreements, for use by a designated number of individuals that are employees for those businesses at a site designated in the CoStar license agreement. Complaint at ¶¶ 10-12. The CoStar license agreement prohibits password sharing of any kind and sets forth certain permitted and prohibited uses of the CoStar service and the content obtained therefrom. *Id.* at ¶¶ 15-16; Williams Decl., Ex. 1 (CoStar Terms of Use) at 2-4. Furthermore, CoStar's login web page, as well as its web site Terms of Use, specifically reference the prohibition on logins by unauthorized users. *Id*. at 2, 3; Complaint at ¶ 13.

K&H is not a licensee of CoStar. *See* D.E. 8, Ex. A (Affidavit of Mark S. Klein ("Klein Aff.") at ¶ 15. CoStar believes that Bell inappropriately used a username and password that he had obtained from his previous employer (who was a licensee of CoStar) to obtain unauthorized access to CoStar's information databases. Complaint at ¶¶ 19-23. Bell's wrongful use of the username and password for the benefit of K&H constitutes copyright infringement by K&H and Bell. K&H never denies that it knew that Bell was accessing CoStar's information databases. Moreover, K&H's president, Mark Klein, acknowledges that he was aware that CoStar's databases are subscription-based. Klein Aff. at ¶ 15. K&H attempts to distance itself from Bell, asserting that K&H does not pay Bell a salary. D.E. 8 at 3. But K&H does not address whether it receives a percentage of Bell's commissions from the sales that he makes out of K&H's office. While CoStar does not have access to the specifics of K&H's financial arrangement, K&H likely does not permit Bell to use its offices and facilities free of charge; and the broker-salesperson relationship typically involves a financial aspect as well. Thus, K&H and Bell are not so distantly related as K&H would have the Court believe.

After it became aware of Bell's unauthorized use, CoStar forwarded a draft complaint to K&H outlining its claims, and suggested in the cover letter that the parties discuss a resolution short of litigation. May 28, 2008 letter from Mr. Curtis Ricketts of CoStar to K&H (Ex. B.) In that letter, CoStar informed K&H that because its discussions with K&H to date had been unable to resolve their dispute, CoStar intended to file the complaint unless they could come to an agreement by June 3, 2008. *Id*. The claims in the draft complaint included a copyright claim and a breach of contract claim against K&H. *Id*.

K&H suggests that CoStar did not respond to K&H's attempts to contact them, and instead filed this lawsuit against K&H. D.E. 8 at 4. But, it was K&H who filed a declaratory judgment complaint in

state court in Florida on June 4, 2008 – just two days after K&H's attempted contact – with absolutely no warning to CoStar, before CoStar filed this action in Maryland. June 4, 2008 letter from J. Paul Raymond (K&H's counsel) to Jonathan Coleman (CoStar's General Counsel and Secretary) (Ex. C). And, regardless of being on notice that the draft complaint contained a copyright claim, K&H did not reference that claim in its Florida Complaint. Instead, the Florida Complaint disingenuously references only a contractual dispute between CoStar and K&H. Florida Complaint (attached to Ex. C) at ¶¶ 15-18. The Florida Complaint also does not name Bell as a party, even though K&H was aware that he was the individual who was accessing CoStar's website without authorization, as evidenced by K&H's references to Bell in its declaratory judgment complaint. *Id*. at ¶¶ 11-12.

On June 17, 2008, CoStar filed this action against K&H and Bell, alleging: (1) direct copyright infringement against Bell; (2) contributory and vicarious copyright infringement against K&H; (3) violation of 18 U.S.C. § 1030 (fraud and related activity in connection with computers) against Bell; and (4) breach of contract against Bell.[1] CoStar's copyright and § 1030 claims against Bell are based in part on Bell's unauthorized access and use of the CoStar databases on 132 occasions for a total of 46 hours, involving 'hits' to 12,829 pages on the CoStar website. Williams Decl. at ¶ 5 and Ex. 2; *see also* Complaint at ¶¶ 51; 19-33; 44-48. CoStar believes that K&H is liable for contributory copyright infringement by virtue of the fact that, among other things, it provided Bell with office space, computers, and internet access with which Bell accessed CoStar's databases. *See id*. at ¶¶ 37-43.

---

[1] On March 13, 2008, CoStar filed a similar complaint in Maryland district court against different defendants. First Amended Complaint, Case No. 08-CV-663-AW, U.S. District Court, District of Maryland (Ex. D). That case is assigned to this Court. *See id*. The defendants in the March 13 case are not directly related to K&H or Bell; however, CoStar believes that those defendants, like the defendants here, illegally accessed CoStar's databases through the unauthorized use of usernames and passwords, and are liable for, among other things, copyright infringement.

CoStar's breach of contract claim against Bell is based on his breach of CoStar's Terms of Use that appear on CoStar's website at the Subscriber Login Area.[2]  *See id*. at ¶¶ 49-50, 13-18.

CoStar removed K&H's Florida state court action to the U.S. District Court for the Middle District of Florida on June 25, 2008. CoStar has moved for dismissal of the Florida action on the ground that K&H filed it for forum-shopping purposes in anticipation of this case. D.E. 8, Ex. C. In the alternative, CoStar moved for transfer of the Florida action to this Court. *Id*. As noted in CoStar's motion to dismiss or transfer the Florida action, this case, unlike the Florida action, will fully resolve the dispute between the parties. D.E. 8, Ex. C at 6. Although the suits arise out of the same dispute, the Florida action is woefully deficient in the claims and parties it includes, as the Florida action includes only a contract claim and does not name Bell as a party. As explained more fully below, this Court not only has personal jurisdiction over K&H, but this Court is also the proper and appropriate venue for resolution of the parties' dispute, and K&H's motion to dismiss or transfer should be denied.

## LEGAL STANDARDS

1.  **Personal Jurisdiction.** A federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 768 (D. Md. 2004) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)). Because the Maryland legislature designed its long-arm statute to extend personal jurisdiction to the limits allowed by federal due process, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Ciena Corp. v. Jarrard*, 203

---

[2] The Terms of Use also contain a forum selection clause under which the user agrees to exclusive jurisdiction and venue in Maryland. Williams Decl. at ¶ 3 and Ex. 1 (CoStar Terms of Use) at 11); *see also* Complaint at ¶ 18.

F.3d 312, 317 (4th Cir. 2000) (citation and quotations omitted).  Under the due process clause of the Fourteenth Amendment, defendants are subject to a Court's jurisdiction if they have had sufficient minimum and purposeful contacts with Maryland that gave rise to the suit.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985).

"When the Court rules on a motion to dismiss for lack of personal jurisdiction without the benefit of an evidentiary hearing, the plaintiff's burden is 'simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.'  The Court, however, must construe all relevant pleadings and inferences in favor of the plaintiff."  *Baker & Kerr, Inc. v. Brennan*, 26 F. Supp. 2d 767, 769 (D. Md. 1998) (Williams, J.).

### 2. **Motion to Transfer Venue.**

First-Filed Rule – Ordinarily, there is a presumption that, when parties have instituted competing or parallel litigation in two federal courts, the court that was the first to have jurisdiction should hear the case.  *See Ellicot Machine Corp v. Modern Welding Co., Inc.*, 502 F.2d 178, 180, 180 n. 2 (4th Cir. 1974) (recognizing first-to-file rule).  An exception to the first-filed rule provides that a court may depart from that rule "where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum" in an attempt to forum-shop.  *Jasper Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808 at *5-6 (M.D. Fla. Sept. 3, 1999); *PBM Products, Inc. v. Mead Johnson & Co.*, 2001 WL 841047 at *2 (E.D. Va. Apr. 4, 2001); *see also* Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 15 *Federal Practice and Procedure* § 3854 (2008) ("[E]xceptions [to the first-filed rule] have been found to exist when the district of the first-filed suit appears to have been selected based on forum shopping, anticipatory conduct, or when other special circumstances justify giving priority to the second action.").

Venue Transfer under § 1404(a) – As the Court recently stated in *Mamami v. Sanchez de Lozada Sanchez Bustamante*, 2008 WL 1752985 at *2 (D. Md. Apr. 15, 2008):

> The standards for transfer under § 1404 are: "(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice." *Dow v. Jones,* 232 F. Supp. 2d 491, 499 (D. Md. 2002). In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Courts are to consider the following factors: (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F. Supp. 2d 852, 856 (D. Md. 2005). However, unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.,* 748 F.2d 916, 921 (4th Cir. 1984). The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991).

## **ARGUMENT**

**I.    Personal Jurisdiction Over K&H Is Appropriate Because It Has Committed Tortious Acts In Maryland and Has Purposefully Directed Its Tortious Conduct at Maryland**

The Court should find that it may exercise personal jurisdiction over K&H. It is axiomatic that a federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene*, 315 F. Supp. 2d at 768. K&H's contacts with Maryland are such that at all times relevant to this case it should have reasonably anticipated being haled into court here. *Id.* (citations omitted).

First, K&H should not be permitted to claim that it had no reason to believe that its conduct implicated Maryland jurisdiction. Maryland's long-arm statute confers specific jurisdiction, among other things, where a party causes tortious injury in the state. Md. Code Ann. § 6-103(b)(3) and (4).

Here, K&H knew Bell was using CoStar's computers, which are, quite naturally, located in Maryland with CoStar. *See* Williams Decl. at ¶ 6.

Second, exercising personal jurisdiction over K&H would comport with constitutional due process. Courts examine three factors to determine whether specific jurisdiction was appropriate: (1) whether the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "'traditional notions of fair play and substantial justice.'" *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) (quoting *Burger King*, 471 U.S. at 477-78).

The first due process factor weighs in favor of exercising jurisdiction because K&H had sufficient minimum contacts with Maryland to reasonably expect that it would be subject to personal jurisdiction in Maryland. The fact that a defendant has never set foot in a jurisdiction is not a determining factor in a court's exercise of personal jurisdiction. *Burger King*, 471 U.S. at 476. Rather, the question is whether K&H has directed its activities at forum residents such that it would have fair warning that it might be subject to the forum's jurisdiction. *Id*. at 472 (citations omitted); *Cole-Tuve*, 342 F. Supp. 2d at 370.

Here, there is little question that K&H directed its tortious activities at Maryland. K&H improperly facilitated Bell's access to CoStar's Maryland computer servers and directed its improper conduct at CoStar, which is headquartered in Maryland and which suffered damages in Maryland due to K&H's conduct. Williams Decl. ¶ 6. K&H's and Bell's efforts involved computer servers located in Maryland and CoStar's Maryland personnel. *Id*. And, nowhere in its brief or in the supporting

declaration of its president, Mark Klein, does K&H deny that it was aware of Bell's use of CoStar's databases or that CoStar is located in Maryland. K&H's provision to Bell of the means to infringe CoStar's copyrights, and K&H's knowledge that Bell was using CoStar's services without authorization is sufficient to meet the purposeful availment test. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1089-90 (C.D. Cal. 2003) (allegations that defendant intentionally and materially contributed to the copyright infringement of plaintiff's works, with knowledge that much of the harm from this infringement would be suffered by plaintiff in California was sufficient to establish a prima facie case of purposeful availment).

K&H's president, Mark Klein, makes the conclusory, unsupported assertion that he was "never aware that Mr. Bell was unauthorized to access COSTAR internet databases." Klein Aff. at ¶ 21. However, that assertion is at odds with another assertion that Mr. Klein makes in the same declaration – that CoStar has "[f]or many years consistently attempted to convince [Mr. Klein] to purchase a subscription to CoStar's online databases." Thus, Mr. Klein can hardly claim that he was not aware that CoStar's databases required a subscription for access, or that access without a subscription would be inappropriate. K&H's conclusory, self-serving, and unsupported assertion is not enough to defeat CoStar's prima facie case that personal jurisdiction over K&H exists.[3]

The second due process factor also weighs in favor of exercising jurisdiction. K&H's and Bell's

---

[3] K&H's reliance on *Bridgeport Music, Inc. v. Agarita Music, Inc*., 182 F. Supp. 2d 653, 664 (M.D. Tenn. 2002), also does not support its position that no personal jurisdiction exists. The *Bridgeport Music* court held that the mere placing of goods on sale in the "stream of commerce," without more, is not sufficient to establish purposeful availment. *Id*. at 664-65. In contrast, this is not a case in which defendants infringed plaintiff's copyrights by placing infringing goods in the stream of commerce. Instead, K&H (and Bell) purposefully directed their tortious activity at CoStar in Maryland by accessing CoStar's copyrighted photographs without authorization for their own benefit. *Bridgeport Music* therefore does not support K&H's position.

unauthorized use of CoStar's website was intended to cause tortious injury to CoStar in Maryland, and it is that activity that gave rise to this lawsuit. Therefore, there is a connection between K&H's forum-related activities and CoStar's claims. *See Cole-Tuve*, 342 F. Supp. 2d at 361.[4]

The third factor of the due process analysis, reasonableness, also favors the exercise of personal jurisdiction. Factors considered under that analysis include: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Christian Science Bd. of Directors of the First Church of Christ, Scientist*, 259 F.3d 209, 217 (4th Cir. 2001) (citing *Burger King*, 471 U.S. at 477). All of these factors favor the exercise of personal jurisdiction in Maryland. As an initial matter, this case can be adjudicated much more efficiently in this district than in Florida. Scott Bell, K&H's co-defendant, is subject to a forum-selection clause that subjects him to personal jurisdiction in this district.[5] It would make little sense to dismiss this case with respect to K&H, and yet allow it to proceed with respect to Bell. CoStar might be forced to adjudicate

---

[4] K&H relies on *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649 (D. Md. 2001) to support its argument that no personal jurisdiction exists. That case, however, is distinguishable. In *Ottenheimer*, the defendants' contacts with Maryland were not connected to the plaintiff's claims. *Id*. at 651-52, 654-55. In contrast, in this case, K&H's contacts with Maryland, particularly its unauthorized uses of CoStar's web services, are directly connected to CoStar's claims. *See Burger King*, 471 U.S. at 476 n. 18 (even one contact may be sufficient to establish jurisdiction, if the action arises out of that contact).

[5] By virtue of his having clicked "accept" to CoStar's Terms of Use as they appear at the "Subscriber Login Area" on CoStar's Internet-based database, Bell "irrevocably consent" to the jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use. Williams Decl. ¶ 3 and Ex. 1 (CoStar Terms of Use) at 11. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced . . ."); *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 808 (11th Cir. 2003). Bell's agreement to the Terms of Use therefore requires that CoStar's dispute with Bell be resolved in Maryland.

the same dispute in two jurisdictions, which would result in a duplication of efforts and a waste of resources. As is also explained in the section of this motion addressing K&H's motion to transfer venue, this case would result in a more complete resolution of all the claims against all the parties. *See supra*, p. 15-16. Moreover, CoStar has filed a similar complaint against different defendants that is currently assigned to this Court. Allowing this case to proceed in this district would allow the same Court to resolve the parallel issues in both cases.

Broad policy principles favor the exercise of jurisdiction as well. CoStar is a national commercial real estate information services provider that is headquartered in Maryland. Complaint at ¶¶ 1, 2, 9; Williams Decl. at ¶ 6. CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone. *See* Complaint at ¶ 9-10. CoStar, as a Maryland plaintiff, has an interest in obtaining convenient, effective, and consistent relief in cases involving unauthorized access to its databases and infringement of its copyrights. Thus, although Florida is a slightly more convenient forum for K&H, relative convenience is not determinative in the reasonableness analysis, and in this case, the reasonableness factor weighs in favor of exercising personal jurisdiction over K&H. *See Christian Science*, 259 F.3d at 217-18.

Thus, because the exercise of personal jurisdiction is proper under Maryland's long-arm statute, and because it would comport with due process clause, K&H's motion to dismiss for lack of personal jurisdiction should be denied. *See Christian Science*, 259 F.3d at 216-18; *see also Cole-Tuve*, 342 F. Supp. 2d at 361 (foreign defendants who intentionally harm residents of the forum state subject to personal jurisdiction); *Metro-Goldwyn-Mayer*, 243 F. Supp. 2d at 1089-90.

## II. This Court Is the Proper Venue for this Case

### A. Venue is Proper in Maryland

Contrary to K&H's contention, venue is proper in Maryland. As an initial matter, venue for claims asserted under the Copyright Act is proper in the district where the defendant "may be found." 28 U.S.C. § 1400(a). It is "widely accepted that a defendant is found within the meaning of Section 1400(a) wherever the defendant is . . . subject to personal jurisdiction." Wright & Miller, 14D *Federal Practice and Procedure* § 2819. Because, as explained above, exercise of personal jurisdiction in Maryland over K&H is proper, venue is also proper in Maryland for all the same reasons set forth above. *See Metro-Goldwyn-Mayer*, 243 F. Supp. 2d at 1097. Moreover, an action, such as this one, in which jurisdiction is based upon federal question jurisdiction, may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2); *see Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (holding venue for copyright claim was proper under § 1391(b)). That K&H and Bell are physically located in Florida is not determinative – the illegal access to CoStar's password-protected services and copyrighted photographs occurred in Maryland, where CoStar's computers and internet servers are located. *See* Williams Decl. ¶ 6. Venue is therefore proper in this Court, and this case should not be transferred or dismissed on venue grounds.[6]

---

[6] It is CoStar's position that venue for a claim arising under the Copyright Act is proper under both 28 U.S.C. § 1391, as it alleges in its Complaint (¶ 6), and under 28 U.S.C. § 1400(a). If the Court wishes, CoStar can readily submit an amended complaint that includes 28 U.S.C. § 1400(a) as an additional basis for venue.

### B. This Case Should Not Be Transferred to Florida Because K&H's Filing of its Declaratory Judgment Complaint in Florida State Court Constituted Impermissible Forum-Shopping

K&H's assertion that CoStar filed this case in this Court in an attempt to forum-shop is not true. It is K&H – not CoStar – who engaged in forum-shopping by filing a declaratory judgment action in Florida state court in anticipation of CoStar's filing of this lawsuit. K&H received a letter from CoStar on May 28, 2008 informing it that CoStar intended to file a suit against it in Maryland district court. May 28, 2008 letter from Mr. Curtis Ricketts of CoStar to K&H (Ex. B.) The draft complaint attached to the letter included a copyright claim. *Id*. K&H was therefore aware that CoStar intended to bring a copyright claim against it in federal court in Maryland. Moreover, K&H was also aware that Scott Bell was the employee or independent contractor who was accessing CoStar's website, as evidenced by K&H's references to Bell in its declaratory judgment complaint. Florida Complaint (attached to Ex. C) at ¶¶ 11-12. Despite having been aware of the existence of CoStar's federal copyright claim and of Bell's involvement in the dispute, K&H nonetheless filed a declaratory judgment complaint in Florida state court that only references a contractual dispute between K&H and CoStar, and omits any mention of CoStar's federal copyright claims and Bell.

Ordinarily, there is a presumption that, when parties have instituted competing or parallel litigation in two federal courts, the court that was the first to have jurisdiction should hear the case. *See Ellicot Machine Corp v. Modern Welding Co., Inc.*, 502 F.2d 178, 180, 180 n. 2 (4th Cir. 1974) (recognizing first-to-file rule). The first-filed rule, however, is not to be applied "mechanically." *PBM Products, Inc. v. Mead Johnson & Co.*, 2001 WL 841047 at *2 (E.D. Va. Apr. 4, 2001). "District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Id*. (citations omitted). An exception to the first-filed rule provides that a

court may depart from that rule "where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum" in an attempt to forum-shop. *Jasper Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808 at *5-6 (M.D. Fla. Sept. 3, 1999); *PBM Products*, 2001 WL 841047 at *2; *see also* Wright, *et al.*, 15 *Federal Practice and Procedure* § 3854 ("[E]xceptions [to the first-filed rule] have been found to exist when the district of the first-filed suit appears to have been selected based on forum shopping, anticipatory conduct, or when other special circumstances justify giving priority to the second action."). In deciding a motion to transfer, the most important considerations are conservation of judicial resources and the avoidance of conflicting rulings. *See Jasper*, 1999 WL 781808 at *5-6.

This case should not be transferred because K&H's purported "first-filed" case is a declaratory judgment action that was filed for forum-shopping purposes, and therefore the "first-filed" rule does not apply. *See PBM Products*, 2001 WL 841047 at *2 (refusing to grant motion to transfer where first-filed case was declaratory judgment action that was filed in "race to the courthouse."). Moreover, the interests of judicial economy would be better-served by allowing the case to proceed in this Court. If the Florida district court grants CoStar's pending motion to transfer venue of K&H's declaratory judgment action to this Court, then consolidation of both cases would be possible, and would result in a more complete resolution of all the actual claims, against all parties, that are raised by the parties' dispute. *See Signtech, Inc. v. Minnesota Mining and Mfg. Co.*, No. S 89-1350, 1989 WL 223012 at *1-2 (D. Md. June 21, 1989) (dismissing first-filed declaratory judgment action on ground that second-filed case brought by declaratory judgment defendant would allow a more complete resolution of the issues in the case and would allow the joinder of a related party.). In addition, CoStar has brought a similar case, against different defendants, that is currently pending before this Court. *See* First Amended Complaint,

Case No. 08-CV-663-AW (Ex. D). Denying K&H's motion to transfer would allow the same Court to resolve the parallel issues in both cases thus avoiding a duplication of efforts and reducing the risk of inconsistent results. *See Samsung Electronics Co., Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005) (denying motion to transfer, and holding that the court's familiarity with the issues presented in the case is a factor to consider in deciding whether to apply the first-filed rule). The circumstances of this case therefore justify a departure from the first-filed rule, and K&H's motion should be denied.

## C. The Balance of Convenience Factors Does Not Favor Transfer of This Case to Florida

The balance of the other convenience factors considered under a 1404(a) motion does not favor transfer. The § 1404(a) analysis is "flexible and individualized," and the factors that a court considers on a motion to transfer are case-specific. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Factors considered include: the relative ease of access to sources of proof, the convenience of the parties and the witnesses, the locus of operative facts, the plaintiff's interest in its original choice of forum, and trial efficiency and the interests of justice, based on a totality of the circumstances. *See Mamami v. Sanchez de Lozada Sanchez Bustamante*, 2008 WL 1752985, *2 (D. Md. Apr. 15, 2008).

The balance of factors favor Maryland. The CoStar companies who are the plaintiffs in this action both have their principle places of business in Bethesda, Maryland. *See* Complaint at ¶¶ 1, 2. As noted in a case cited by K&H in its moving brief (D.E. 8 at 14), the plaintiff's choice of forum is accorded significant weight on a motion to transfer venue, which may outweigh the relative inconvenience to the defendant that may result if a case is tried in a venue that is not the defendant's first choice. *In re Triton Limited Securities Litig.*, 70 F. Supp. 2d 678, 688-89 (E.D. Tex. 1999); *see also Mamami*, 2008 WL 1752985 at *4. The witnesses who would testify on behalf of CoStar all work out of CoStar's Bethesda, Maryland, office. Williams Decl. ¶ 6. Scott Bell, a necessary party to this action, is

subject to a forum-selection clause pursuant to which he consented to jurisdiction and venue in Maryland.[7] The relevant evidence is located in Maryland – the computer servers, on which access records are kept, are located in Maryland and all of the documents upon which CoStar would rely to prove its defenses and any claims it would join, are located at CoStar's Bethesda, Maryland, office. *Id.* The injury to CoStar resulting from the unauthorized access to CoStar's computer databases was felt by CoStar in Maryland.

Finally, considerations of trial efficiency and the interests of justice based on a totality of the circumstances, by far favor CoStar because this case would allow a more complete resolution of the parties' dispute, and a similar case is already pending before this Court. Under the totality of the circumstances, Maryland is the more appropriate venue for this case and K&H's motion should be denied.

Dated: August 14, 2008

Respectfully submitted,

/s/
Shari Ross Lahlou, Bar. No. 16570
William J. Sauers, Bar No. 17355
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: slahlou@crowell.com
wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*

---

[7] *See supra*, p. 11 n. 5.

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on August 14, 2008:

> Paul McDermott Finamore
> Niles Barton and Wilmer LLP
> 111 S Calvert St Ste 1400
> Baltimore, MD 21202
> 14107836300
> Fax: 14107836410
> Email: pmfinamore@niles-law.com
>
> James B Astrachan
> Julie Rebecca Rubin
> Astrachan Gunst and Thomas PC
> 217 E Redwood St 21st Fl
> Baltimore, MD 21202
> 14107833550
> Fax: 14107833530
> Email: jastrachan@agtlawyers.com
> jrubin@agtlawyers.com

/s/
William J. Sauers, Bar No. 17355
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: wsauers@crowell.com

*Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.*