# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

COSTAR REALTY INFORMATION,
INC. et al.,

    Plaintiffs

v.                                       Civil No.: 08-CV-01575-AW

KLEIN & HEUCHAN, INC., et al.,

    Defendants

_____/

## DEFENDANT BELL'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE

Defendant Scott Bell, by and through his undersigned counsel, hereby supplements his Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue (the "Motion"), and states as follows:

### I. MARYLAND UNIFORM COMPUTER INFORMATION TRANSACTIONS ACT

Reference to the Maryland Uniform Computer Information Transactions Act ("MUCITA") was ommitted from the Memorandum of Law filed in support of the Motion. MUCITA does not materially change the analysis of facts alleged or law previously presented, nor does it change the necessary conclusion that Maryland courts do not have personal jurisdiction over Mr. Bell. However, counsel believes it is obligated to inform this Court of MUCITA and, therefore, presents MUCITA for the Court's consideration to the extent it is determined to apply to the facts alleged in this case.

MUCITA, with certain exceptions not germane here, applies generally to "computer information transactions." MUCITA, Md. Code Ann., Com. Law § 22-103(a). MUCITA

defines "computer information" as "information in electronic form which is obtained from or through the use of a computer or which is in a form capable of being processed by a computer …." *Id.* § 22-102(10). A "computer information transaction" is defined as "an agreement or the performance of it to create, modify, transfer, or license computer information or informational rights in computer information." *Id.* § 22-102(11). MUCITA contains a provision pertaining to choice of forum agreements in a computer information transaction. *Id.* § 22-110. This provision does not alter the legal analysis set forth in Mr. Bell's Memorandum of Law filed on August 11, 2008, which is, therefore, incorporated herein by reference.

## II. EXERCISE OF PERSONAL JURISDICTION OVER BELL IS IMPROPER

CoStar alleges that, personal jurisdiction over Mr. Bell in this District is proper, in part, because Mr. Bell consented by virtue of the click-through Terms of Use. (Compl. at ¶ 8.) MUCITA provides that personal jurisdiction is not proper based upon a contractual choice of forum where the choice is unreasonable or unjust. MUCITA, Md. Code Ann., Com. Law § 22-110(a)(1). As discussed at length in Mr. Bell's Memorandum of Law, personal jurisdiction over Mr. Bell – whether based upon the jurisdiction language in the Terms of Use or other bases – is neither fair nor reasonable. (*See* Bell Mem. at 7-11.) The Terms of Use comprise 6,373 words on 11 pages of single-space print and the jurisdiction language is buried on page 10. Further, as discussed in Mr. Bell's initial Memorandum of Law, the jurisdiction language in the Terms of Use lacks clarity, and at best, is confusing to the average user. (*See* Bell Mem. at 9-10.)

The relevant portions of the Terms of Use state:

> The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product. <u>You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, and to the jurisdiction of the federal and state courts located in</u>

<u>any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product</u>.

(Mem. at Exhibit B at 10) (emphasis added).

Thus, the average user might reasonably understand the densely-worded Terms of Use jurisdiction language to provide that Maryland is the exclusive jurisdiction to which he submits to enforce *his* rights against CoStar, but that CoStar may file action against him anywhere he is located.

Further demonstrating the unreasonableness and unfairness of forcing Mr. Bell to litigate in Maryland is Mr. Bell's complete lack of contact with the State of Maryland. Mr. Bell has never set foot in Maryland; he never signed or entered a license agreement with CoStar; and he was unaware that, by using the database, he might be consenting to the jurisdiction of this Court. (*See* Mem. at 10-11 and accompanying Affidavit of Mr. Bell at Exhibit A at ¶¶ 3-6.)

Critically, CoStar incorrectly alleges in its Complaint that, "the Terms of Use provide that the user 'irrevocably consent[s] to the <u>exclusive</u> jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use.'" (Compl. at ¶ 18) (emphasis added). This is not accurate. The Terms of Use do not provide for exclusivity of jurisdiction where a database user is the defendant. MUCITA states: "a judicial forum specified in an agreement is not exclusive unless the agreement expressly so provides." MUCITA, Md. Code Ann., Com. Law § 22-110(b). Thus, MUCITA reinforces Mr. Bell's argument that, based upon a plain reading of the Terms of Use, Maryland is not the exclusive forum for this litigation. (*See* Bell Mem. at 8-10.) Neither is it the appropriate forum, as set forth below.

## II. ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA.

CoStar has already voluntarily submitted to the jurisdiction of the United States District Court for the Middle District of Florida to litigate the same facts and allegations at issue in this case. Further, the Terms of Use contains only a permissive, not mandatory, jurisdiction clause, which provides that, in an action brought against the user, jurisdiction is proper where the user is located. In view of these facts, and for the reasons stated in Mr. Bell's initial Memorandum of Law (*see* Bell Mem. at 11-14), if this Court is not inclined to grant Mr. Bell's Motion to Dismiss for Lack of Personal Jurisdiction, Mr. Bell respectfully requests that this Court transfer this case to the currently pending matter in the Middle District of Florida, Tampa Division.

## III. CONCLUSION

For the reasons set forth herein, and for those set forth Mr. Bell's Motion and Memorandum of Law, Mr. Bell respectfully requests that this Court dismiss this case against him for lack of personal jurisdiction or, alternatively, that this Court transfer this action to the Middle District of Florida, Tampa Division.

Respectfully submitted,

/S/

_____
James B. Astrachan, Federal Bar #03566
Julie R. Rubin, Federal Bar #25632
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street
Suite 2100
Baltimore, Maryland 21202

410.783.3550 telephone
410.783.3530 facsimile

*Attorneys for Defendant Scott Bell*

21063.001.74627.3