UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

COSTAR REALTY INFORMATION,
INC. et al.,

    Plaintiffs

v.                                                              Civil No.: 08-CV-01575-AW

KLEIN & HEUCHAN, INC., et al.,

    Defendants

_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Defendant KLEIN & HEUCHAN, INC. (hereinafter "K&H"), by and through its undersigned counsel and pursuant to Local Rule 105(2), Local Rules for the District of Maryland, hereby files this Reply Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, Motion to Transfer Venue to the Middle District of Florida. This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction over K&H. Alternatively, should this Court deny K&H's Motion to Dismiss, this Court should transfer this action to the Middle District of Florida, Tampa Division.

**I.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER K&H.**

The law simply does not support Plaintiff's contention that K&H is subject to jurisdiction in this Court based on Plaintiff's allegations that "[K&H] provided Bell with office space, computers, and internet access with which Bell accessed CoStar's databases." COSTAR's

Response in Opposition to K&H's Motion, D.E. 13 at p.5. These allegations, even if true,[1] do not evidence sufficient minimum contacts with Maryland by K&H to reasonably expect that it would be subject to personal jurisdiction in Maryland. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

Plaintiff's sole claim against K&H is that K&H vicariously and contributorily infringed COSTAR's copyrights. *See Complaint* at ¶¶ 34-43. COSTAR alleges that this infringement flows from the fact that K&H provided the office space, computer, and internet access through which co-defendant Bell allegedly infringed COSTAR's copyrights. Plaintiff simply does not even allege sufficient contacts with Maryland. Without a showing of additional conduct <u>by K&H</u> directed towards the forum, mere generalized vicarious or contributory exploitation of a copyright from a foreign jurisdiction does not amount to purposeful availment. *See Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 664 (M.D. Tenn. 2002). "To find otherwise would mean that a copyright infringement defendant would be subject to personal jurisdiction in any forum in which a copy of the alleged infringing work was ultimately sold by others without the defendant taking any further acts directed at that forum." *Id*.

Moreover, COSTAR's allegations that co-defendant Scott Bell's actions should somehow be imputed to K&H and require K&H to submit to jurisdiction in Maryland should not be permitted. Scott Bell is an independent contractor working as an independent real estate agent with K&H. *See Affidavit of Mark S. Klein* at ¶16. K&H asserts little control over Mr. Bell's activities and the manner in which he performs his job duties. *See id*. at ¶17-23. While K&H provided Mr. Bell with an office and internet access, any time Mr. Bell accessed the internet was

---

[1] K&H did not provide a computer to Scott Bell. Mr. Bell utilized his own computer. K&H provides office space and internet access. *See Affidavit of Mark S. Klein* at ¶19.

2

on his computer at a date and time of his choosing. *See id.* K&H never instructed Mr. Bell to access any COSTAR databases and never received any direct financial benefit from any access Mr. Bell may have had. *See id.*

Even the case law cited by COSTAR does not support its position. For example, COSTAR cites extensively from *Cole-Tuve, Inc. v. American Machine Tools Corp.*, 342 F.Supp.2d 362 (D. Md. 2004). However, *Cole-Tuve* is to no avail. The *Cole-Tuve* Court engaged in a detailed analysis of what internet-based activities constituted conduct that would subject a foreign defendant to Maryland Jurisdiction. The *Cole-Tuve* defendant, a direct competitor of Plaintiff, had created a web-site with a very similar domain name as the Plaintiff. The defendant was then redirecting sales that came to the defendant's similarly named website to its own websites for sales. The defendant moved to dismiss or transfer based on lack of personal jurisdiction and improper venue. The Court began its analysis by noting that it was to decide whether Plaintiff's Complaint had "made the necessary prima facie showing that [defendant's] tortious impact in Maryland was intentional, not just a random, fortuitous, or attenuated result of activity that was not intentionally directed into the states." *Cole-Tuve*, 342 S.Supp.2d at 367; *see also ALS Scan, Inc. v. Digital Service Consultants*, 293 F.3d 717 (4th Cir. 2002).

COSTAR argues that K&H's providing a desk and internet access to Scott Bell qualifies as intentional conduct directed to Maryland. This is just not the type of activity qualifying as intentional and directed activity. In *Cole-Tuve*, the Court found that the defendant's creation of a similar website name and subsequent redirection of customers of Plaintiff was tantamount to defendant installing misleading road signs <u>in Maryland</u> to redirect customers bound for Plaintiff to Defendant instead. This, the Court found, was purposeful re-direction of Maryland customers,

and subjected defendant to jurisdiction in Maryland. K&H's alleged conduct, including providing the means (a desk and internet access) for Mr. Bell to allegedly commit copyright infringement, even if taken as true, cannot be construed as a basis for jurisdiction because it does not constitute an express aim at Maryland. All of the alleged actions by K&H and Bell occurred in Florida. K&H has not conducted any business in Maryland, nor aimed any of its actions towards the state. *See Affidavit of Mark S. Klein*. COSTAR cannot, and has not, alleged any affirmative activity by K&H that in any way relates to, or that is directed at Maryland. Consequently, COSTAR's allegations that jurisdiction is proper simply cannot be sustained.

## II. MARYLAND IS NOT THE PROPER VENUE FOR THIS CASE AND IF THE MOTION TO DISMISS IS DENIED, THE MATTER SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA

Plaintiffs Complaint alleges that venue is proper in the District of Maryland pursuant to 28 U.S.C § 1391 because "a substantial part of the events giving rise to the claims occurred in this District and a substantial part of the property that is the subject of the action is situated in this District." These allegations lack merit on their face. COSTAR now alleges in its Response in Opposition to K&H's instant Motion that the Case should not be transferred because K&H engaged in "Impermissible Forum-Shopping."[2] Because this Court lacks personal jurisdiction, venue cannot be had in this court. Moreover, K&H has not engaged in anything impermissible and the matter should be transferred to the first-filed action in Florida.

First, COSTAR incorrectly characterizes K&H's first-filed declaratory action as being based solely on a contractual dispute between K&H and COSTAR. K&H's Complaint alleges

---

[2] COSTAR made similar arguments in the Middle District of Florida that K&H was somehow engaged in impermissible activities. Plaintiff's Response in Opposition to COSTAR's Motion to Dismiss filed in the Middle District of Florida is attached as "Exhibit A."

4

that it is "unsure as to what phantom agreement COSTAR alleges has been breached." *Complaint* at ¶17, attached as part of "Exhibit B" to K&H's Motion to Dismiss. Moreover, K&H more broadly alleges that "K&H is in doubt as to its rights and obligations." *Complaint* at ¶18. COSTAR's allegations that K&H is somehow committing copyright infringement (directly, vicariously or contributorily) are certainly encompassed in these allegations. K&H seeks a declaration of the rights and obligation as they relate to COSTAR <u>and</u> for a declaration that K&H has no contractual obligations. K&H's lawsuit is not solely a contractual declaratory action because K&H does not believe there is any contractual relationship.

COSTAR's position seems to be that K&H should have simply waited to be sued in COSTAR's home venue even though that venue would have no jurisdiction over K&H. COSTAR's implication that K&H has somehow acted improperly makes no sense. K&H certainly is within its rights to seek redress of differences in the courts. In order to assert these rights, the law does not require K&H to file suit in a foreign jurisdiction that would not ordinarily have personal jurisdiction over it.

Moreover, COSTAR has provided this Court with no compelling reason to justify abandonment of the First Filed Rule or to disturb K&H's choice of forum other than the argument that this is "a declaratory judgment action filed for forum-shopping purposes." However, the filing of declaratory action alone does not justify abandonment of the First Filed Rule. Moreover, consideration of judicial and litigant economy weighs in favor of maintaining the litigation in the Middle District of Florida. K&H respectfully submits that because almost all of the witnesses to this action are in Florida, convenience dictates that the case should be tried in the Middle District of Florida.

5

Aside from any COSTAR witnesses who may testify regarding the COSTAR databases and servers located in Maryland, every other witness to this action resides in Florida. Mr. Bell and all of the representatives of K&H reside in Florida. Moreover, discovery regarding Mr. Bell's prior employer where he obtained a subscription to the COSTAR databases will become extremely relevant and will take place in Florida. All of the discovery into who did what, where and when will need to take place in Florida. Accordingly, because almost all of the witnesses will be in Florida, the convenience of the parties and witnesses points toward Florida as the proper forum for the litigation to continue.

This lawsuit filed in Maryland is a blatant attempt to avoid litigating in the Middle District of Florida where COSTAR removed K&H's first filed action, which was originally filed in state court. Accordingly, because K&H first filed its lawsuit against K&H in Florida, because the Florida lawsuit involves the very same set of factual allegations as the instant case, and because the District of Maryland is the improper forum, this Court should transfer this cause to the currently pending matter in the Middle District of Florida, Tampa Division should the Court not grant the Motion to Dismiss. Assuming *arguendo* that the Court denies the Motion to Dismiss, K&H respectfully requests this Court transfer this cause to the Middle District of Florida, Tampa Division.

### III. CONCLUSION

This Court should dismiss this case for lack of personal jurisdiction as K&H does not have sufficient contacts with Maryland to permit this Court to maintain jurisdiction over K&H. Alternatively, should this Court deny K&H's Motion to Dismiss, because the District of Maryland is an improper venue and because the interest of justice and the convenience of the

parties and witnesses require it, this Court should transfer this action to the Middle District of Florida, Tampa Division.

> Respectfully submitted,
>
> _____/s/_____
> PAUL M. FINAMORE
> Federal Bar #: 05992
> Niles, Barton, and Wilmer, LLP
> 111 South Calvert Street
> Suite 1400
> Baltimore, Maryland 21202
> (410) 783-6300
> Attorneys for Defendant
> Klein & Heuchan, Inc.

Of Counsel:
Jeffrey W. Gibson, Esquire[3]
Florida Bar #: 0568074
Macfarlane Ferguson & McMullen
P.O. Box 1669
Clearwater, FL 33757
(727) 441-8966
Non-resident Attorneys for Defendant
Klein & Heuchan, Inc.

ND: 4832-6678-5794, v. 1

---

[3] Admitted to the Bar of Florida. It is anticipated that counsel will request admission *pro hac vice* in this Court in the event that the case continues in this Court.