## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

COSTAR REALTY INFORMATION, INC.,
and COSTAR GROUP, INC.,

        Plaintiffs,

v.

KLEIN & HEUCHAN, INC. and
SCOTT BELL,

        Defendants.

Civil Action No. 8:08-cv-1575-AW

## COSTAR'S RESPONSE IN OPPOSITION TO DEFENDANT BELL'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
## OR ALTERNATIVELY, TO TRANSFER VENUE

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submit this Response in Opposition to Defendant Scott Bell's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue (D.E. 11), and to Defendant Bell's Supplemental Memorandum of Law in support thereof (D.E. 15). For the reasons set forth below, Bell's motion should be denied in its entirety.

### INTRODUCTION AND SUMMARY

CoStar's claims against Bell arise out of CoStar's interest in protecting the copyrighted photographs in its web-based real estate information database – a database that requires a license to access, and for which neither Bell, nor the real estate brokerage with which he is affiliated, Defendant Klein & Heuchan, Inc. ("K&H"), had a license. Instead, Bell inappropriately used a username and password that he had obtained from his previous employer to access CoStar's databases without

1

authorization. Bell has moved to dismiss this action based on an alleged absence of personal jurisdiction, and, in the alternative, to transfer this action to the Middle District of Florida. Bell's motion should be denied in its entirety. CoStar's allegations and the attached declaration provide a more than ample basis to support the Court's exercise of personal jurisdiction over Bell. For the same reasons, this Court is the proper venue for this case and it should deny Bell's attempt to transfer this case to Florida.

**<u>The Court Has Personal Jurisdiction Over Bell</u>**: Personal jurisdiction exists over Bell because, as set forth in Paragraphs 8, 13, 14, and 23 of the Complaint, Bell <u>specifically consented to the Court's jurisdiction and the District of Maryland as a venue</u>. When Bell first logged on to CoStar's website with the user names and passwords provided to him through his previous employer, he had to click "I Accept" to CoStar's Terms of Use, which contained a forum and venue selection clause and consent to jurisdiction in this Court. *See* D.E. 1, Complaint ("Complaint") at ¶¶ 8, 13, 14, and 23; *see also* Declaration of Steven J. Williams ("Williams Decl.") at ¶¶ 3-5 (Ex. A). It is beyond dispute at this point that such forum selection clauses are enforceable. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 693-95 (D. Md. 2000) (enforcing forum selection clause against plaintiff who clicked button on screen labeled "Agree" to indicate agreement with defendant's Terms of Service). Accordingly, the Court has personal jurisdiction over Bell.

Moreover, even if Bell had not specifically consented to jurisdiction in Maryland as a result of his acceptance of CoStar's Terms of Use, his tortious activity – illegal access to CoStar's password-protected services – occurred in Maryland, where CoStar's computers and Internet servers are located. *See* Complaint at ¶¶ 1, 2, 8; Williams Decl. at ¶ 6. Thus, under black-letter law providing that jurisdiction lies where a tort is committed and where a defendant has "purposefully directed" its

activities towards Maryland, this Court has personal and specific jurisdiction over Bell because of his tortious conduct in Maryland. *See, e.g.*, *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004).

**The District of Maryland Is the Proper Venue for this Case:**   Bell argues that this case should be transferred to Florida because Bell's co-defendant, K&H, filed a related action in Florida before CoStar filed this action in this Court.  K&H's Florida action, however, is a declaratory judgment action that was filed for forum-shopping purposes in anticipation of litigation.  Moreover, the case pending in this Court would result in a more complete resolution of the parties' dispute because it includes all of CoStar's claims against K&H and names all necessary parties.  The "first-filed" rule therefore does not apply, and this case should not be transferred on that ground.  This case also should not be transferred under the standards of § 1404(a), which demonstrate that the convenience of the parties and the interest of justice strongly favor Maryland as a proper venue.

**FACTUAL BACKGROUND**

Headquartered in Maryland, CoStar is a leading, national, commercial real estate information services provider.  *See* Complaint at ¶ 9.  This case arises out of the unauthorized access to CoStar databases by Bell, and out of K&H's facilitation of that access.

CoStar's suite of proprietary, web-accessed information services help commercial real estate professionals, such as brokers, owners, lenders, appraisers, and REITs, to understand market conditions and identify and evaluate specific opportunities.  *Id*. at ¶¶ 9-10.  CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone.  *See id*.  CoStar's computer servers, which host its database, are house in Bethesda, Maryland.  Williams Decl. at ¶ 6.  CoStar licenses its products to businesses pursuant

to written license agreements. Complaint at ¶¶ 10-12. An "Authorized User" is an individual who is either employed by, or an independent contractor of, a party who has entered into a license agreement with CoStar and who is identified as a user in the license agreement. Williams Decl., Ex. 1 (Terms of Use) at 2; Complaint at ¶ 11. Authorized Users are provided with user identifications and passwords and are given authorization for internet-based access to CoStar's databases within the terms of the user's specific license. Complaint at ¶ 13.

When logging on to CoStar's website, users must input a valid user identification and password at the "Subscriber Login Area," which contains prominent notices advising the user that "By logging in you are agreeing to CoStar's terms of use." *Id.* Users must also scroll through and "accept" the applicable online Terms of Use the first time that they use the product as well as at periodic intervals thereafter. *Id.* Furthermore, a warning appears at the bottom of the CoStar homepage that reads: "By using this site, you agree to our Terms of Use." *Id.* By clicking on the underlined phrase, the user can view the Terms of Use. *Id.*

The Terms of Use contain the definition of an "Authorized User," that is, an individual who is identified in a license agreement between CoStar and another party. Williams Decl., Ex. 1 (Terms of Use) at 2. It is undisputed that, unlike Bell's previous employer, who did have a license agreement with CoStar, K&H did not have a license agreement with CoStar. *See* D.E. 8, Defendant [K&H's] Motion to Dismiss, Ex. A (Affidavit of Mark S. Klein ("Klein Aff.") at ¶ 15. Thus, any accesses to CoStar's protected databases by Bell during his affiliation with K&H with the username and password he obtained from his previous employer were unauthorized under the provisions of the Terms of Use, regardless of whether he was previously an "Authorized User" under the license agreement between his previous employer and CoStar.

Bell does not deny that he used CoStar's services with the password he obtained from his previous employer after he became affiliated with K&H, which was in or about December 2006. D.E. 11, Ex. A (Affidavit of Scott Bell) at ¶¶ 2, 6. Furthermore, CoStar keeps internal records of each log-in session made to its products. Williams Decl. at ¶ 4. CoStar's records show that one or more persons using a user name and password assigned to Scott Bell logged on to CoStar's website between December 5, 2007 and April 16, 2008, on at least 132 occasions for a total of 46 hours, involving "hits" to 12,829 pages on the CoStar website. Williams Decl. at ¶ 5; Ex. 2 (record of Scott Bell log-ins).

After it became aware of Bell's unauthorized use, CoStar forwarded a draft complaint to K&H outlining its claims, and suggested in the cover letter that the parties discuss a resolution short of litigation. May 28, 2008 letter from Mr. Curtis Ricketts of CoStar to K&H (Ex. B). In that letter, CoStar informed K&H that, because its discussions with K&H to date had been unable to resolve their dispute, CoStar intended to file the complaint unless they could come to an agreement by June 3, 2008. *Id.* The claims in the draft complaint included a copyright claim and a breach of contract claim against K&H. *Id.*

On June 4, 2008, just one week after CoStar forwarded the draft complaint to K&H, CoStar's counsel received notice from K&H's counsel that K&H had filed a declaratory judgment complaint in state court in Florida. June 4, 2008 letter from J. Paul Raymond (K&H's counsel) to Jonathan Coleman (CoStar's General Counsel and Secretary) (Ex. C). Regardless of being on notice that the draft complaint contained a copyright claim, K&H did not reference that claim in its Florida Complaint. Instead, the Florida Complaint disingenuously references only a contractual dispute between CoStar and K&H. Florida Complaint (attached to Ex. C) at ¶¶ 15-18. The Florida Complaint also does not name Bell as a party, even though K&H was aware that he was the individual who was accessing CoStar's

website without authorization, as evidenced by K&H's references to Bell in its declaratory judgment complaint. *Id*. at ¶¶ 11-12.

On June 17, 2008, CoStar filed this action against K&H and Bell, alleging: (1) direct copyright infringement against Bell; (2) contributory and vicarious copyright infringement against K&H; (3) violation of 18 U.S.C. § 1030 (fraud and related activity in connection with computers) against Bell; and (4) breach of contract against Bell.[1]

On June 25, 2008, CoStar removed K&H's Florida state court action to the U.S. District Court for the Middle District of Florida. CoStar has moved for dismissal of the Florida action on the ground that K&H filed it for forum-shopping purposes in anticipation of this case. D.E. 8, Defendant [K&H's] Motion to Dismiss, Ex. C. In the alternative, CoStar moved for transfer of the Florida action to this Court.[2] *Id*. As noted in CoStar's motion to dismiss or transfer the Florida action, this case, unlike the Florida action, will fully resolve the dispute between the parties. *Id*. at 6. Although the suits arise out of the same dispute, the Florida action is woefully deficient in the claims and parties it includes, as the Florida action includes only a contract claim and does not name Bell as a party. As explained more fully below, this Court not only has personal jurisdiction over Bell, but this Court is also the proper and appropriate venue for resolution of the parties' dispute, and Bell's motion to dismiss or transfer should be denied.

---

[1] On March 13, 2008, CoStar filed a similar complaint in Maryland district court against different defendants. First Amended Complaint, Case No. 08-CV-663-AW, U.S. District Court, District of Maryland (Ex. D). That case is assigned to this Court. *See id*. The defendants in the March 13 case are not directly related to K&H or Bell; however, CoStar believes that those defendants, like the defendants here, illegally accessed CoStar's databases through the unauthorized use of usernames and passwords, and are liable for, among other things, copyright infringement.

[2] As of the date of the filing of this memorandum, that motion is still pending before the Florida district court.

# LEGAL STANDARDS

1.    **Personal Jurisdiction.**  A federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process.  *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 768 (D. Md. 2004) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)).   Because the Maryland legislature designed its long-arm statute to extend personal jurisdiction to the limits allowed by federal due process, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one."  *Ciena Corp. v. Jarrard*, 203 F.3d 312, 317 (4th Cir. 2000) (citation and quotations omitted).   Under the due process clause of the Fourteenth Amendment, defendants are subject to a Court's jurisdiction if they have had sufficient minimum and purposeful contacts with Maryland that gave rise to the suit.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).

"When the Court rules on a motion to dismiss for lack of personal jurisdiction without the benefit of an evidentiary hearing, the plaintiff's burden is 'simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.'  The Court, however, must construe all relevant pleadings and inferences in favor of the plaintiff."  *Baker & Kerr, Inc. v. Brennan*, 26 F. Supp. 2d 767, 769 (D. Md. 1998) (Williams, J.).

2.    **Motion to Transfer Venue.**

First-Filed Rule – Ordinarily, there is a presumption that, when parties have instituted competing or parallel litigation in two federal courts, the court that was the first to have jurisdiction should hear the case.  *See Ellicot Machine Corp v. Modern Welding Co., Inc.*, 502 F.2d 178, 180, 180 n. 2 (4th Cir. 1974) (recognizing first-to-file rule).   An exception to the first-filed rule provides that a court may

depart from that rule "where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum" in an attempt to forum-shop. *Jasper Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808 at *5-6 (M.D. Fla. Sept. 3, 1999); *PBM Products, Inc. v. Mead Johnson & Co.*, 2001 WL 841047 at *2 (E.D. Va. Apr. 4, 2001); *see also* Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 15 *Federal Practice and Procedure* § 3854 (2008) ("[E]xceptions [to the first-filed rule] have been found to exist when the district of the first-filed suit appears to have been selected based on forum shopping, anticipatory conduct, or when other special circumstances justify giving priority to the second action.").

Venue Transfer under § 1404(a) – As the Court recently stated in *Mamami v. Sanchez de Lozada Sanchez Bustamante*, 2008 WL 1752985 at *2 (D. Md. Apr. 15, 2008):

> The standards for transfer under § 1404 are: "(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice." *Dow v. Jones,* 232 F. Supp. 2d 491, 499 (D. Md. 2002). In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Courts are to consider the following factors: (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F. Supp. 2d 852, 856 (D. Md. 2005). However, unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.,* 748 F.2d 916, 921 (4th Cir. 1984). The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991).

## ARGUMENT

**I. Personal Jurisdiction Over Bell Is Appropriate Because He Consented to Jurisdiction in Maryland and Because He Directed His Tortious Activity at Maryland**

### A. As Set Forth In the Complaint, Bell Has Consented To This Court's Jurisdiction

As CoStar alleges in its Complaint, Bell has specifically consented to the Court's jurisdiction over him by accepting CoStar's online Terms of Use, which contains a forum selection clause. A similar forum selection clause, like other forum selection clauses, has been specifically upheld in this District as a valid basis for asserting jurisdiction and should once again be enforced to allow the Court to exercise personal jurisdiction over Bell. *See* Ex. E, Transcript of Hearing Before Judge Messitte, *CoStar Realty Information, Inc. v. Atkinson Hunt*, Case No. PJM 06-655 (August 28, 2006) ("Atkinson Tr.") at 37-44.

There is no question that Bell has agreed to CoStar's online Terms of Use. Each person that uses a CoStar user name and password on CoStar's website for the first time is presented with a copy of CoStar's online Terms of Use and is asked to click "I Accept" to those terms before using CoStar's service. Complaint at ¶ 13; Williams Decl. ¶ 3. Furthermore, each user is periodically required to click "I Accept" to CoStar's Terms of Use, further indicating his or her assent. *See id.* CoStar's records show that a person or persons using user names assigned to "Scott Bell" logged on to CoStar's website on at least 132 occasions for a total of 46 hours, involving "hits" to 12,829 pages on the CoStar website, and accordingly would have had to indicate their acceptance to CoStar's Terms of Use. Williams Decl. at ¶¶ 4-5; *see also id.* at Ex. 2 (record of Scott Bell log-ins). The kind of assent that Bell would have had to have made to use CoStar's services is sufficient for the purposes of Maryland contract law. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 693-95 (D. Md. 2000).

Given his acceptance of CoStar's Terms of Use, the Court's personal jurisdiction over Bell naturally follows. The Terms of Use state:

**Jurisdiction**

CoStar is headquartered in the State of Maryland of the United States. These Terms of Use and your use of this Product shall be governed by the laws of the State of Maryland without regard to its conflicts of laws principles. The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product. You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product.

Williams Decl. at Ex. 1 (Terms of Use) at 11. It cannot be disputed at this point that a forum selection clause like this is valid and an appropriate basis upon which this Court can exercise personal jurisdiction. *See Koch*, 139 F. Supp. 2d at 692-95 (enforcing forum selection clause contained in AOL's online terms of service to which party clicked "agree"); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) ("[a] valid forum selection clause [should be] given weight in all but the most exceptional cases.") (Kennedy, J., concurring); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced . . ."); *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (noting that the "Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity"). Indeed, Judge Messitte found jurisdiction over a defendant based on essentially identical allegations involving CoStar's Terms of Use. *See* Ex. E, Atkinson Tr. at 38-39.

Bell attempts to argue that the clause should not be enforced because (1) it is ambiguous; (2) it is a form contract; and (3) a section of the Maryland Uniform Computer Transactions Act ("MUCITA"), Md. Code Ann., Com. Law § 22-110, should somehow influence the Court's decision. None of these

arguments provide sufficient grounds to render the clause unenforceable. First, the clause is not ambiguous. The clause states, simply, that the party to the Terms of Use "irrevocably consent[s]" to the jurisdiction of the Maryland federal and state courts in an action brought against that party in connection with the Terms of Use. That the clause also allows jurisdiction for such cases in the state where the user is located does not make it ambiguous, and Bell cites no case law to support that permissive jurisdiction clauses do not provide a valid and enforceable basis upon which a court may exercise personal jurisdiction.

Second, the use of a form contract, "even by a party with superior bargaining power, does not necessarily make a forum selection clause unenforceable." *Koch*, 139 F. Supp. 2d at 695 (citing, *inter alia*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991)). The general principle is that forum selection clauses are enforceable unless they are unreasonable. *M/S Bremen*, 407 U.S. at 10. Bell has made no showing that enforcement of this clause would be unreasonable. Bell's conclusory assertions of inconvenience are not sufficient to meet his "heavy burden of proof" to show that he would be so gravely inconvenienced that the clause should not be enforced. *Carnival Cruise Lines*, 499 U.S. at 594 (citing *M/S Bremen*, 407 U.S. at 17). Bell has not established the requisite level of inconvenience, and in any event, any inconvenience Bell has shown does not outweigh the interest that CoStar, a company that maintains a national database, has in avoiding being subject to suit in all 50 states. *See Carnival Cruise Lines*, 499 U.S. at 595; *see also Koch*, 139 F. Supp. 2d at 694 (citing *Carnival Cruise Lines*).

Moreover, Bell's citation to a 1982 case decided by the District Court for the Southern District of New York, is inapposite. D.E. 11 at 10-11 (citing *Leasing Service Corporation v. Broetje*, 545 F. Supp. 362, 369 (S.D.N.Y. 1982)). In that case, the Court found enforcement of the forum selection clause to

be unreasonable, not because it was a form contract, but instead in part because the defendants had dealt solely with the plaintiff's Spokane, Washington, office, and not with the plaintiff's New York office. *Leasing Service*, 545 F. Supp. at 369. Moreover, the defendant, an assignee, had not seen the original agreement that was densely worded, but had instead only seen a subsequent transfer agreement. *Id.* at 365. Indeed, there was even a suggestion in the record of that case that the defendant was told not to read the original lease. *Id.* Those facts are in stark contrast to those in this case, in which CoStar has alleged, and Bell has not denied, that Bell regularly used his username and password obtained from his previous employer. The login page through which he would have passed through to sign on to the CoStar website contained prominent notices that the user was agreeing to the Terms of Use, and the text of the Terms of Use was available by clicking the underlined phrase "Terms of Use." Complaint ¶ 3; *see also* Williams Decl. ¶ 3. The jurisdiction clause is clearly labeled with the term "Jurisdiction" in bold. Williams Decl., Ex. 1 (Terms of Use) at 11. CoStar's allegations are sufficient to establish a prima facie case that Bell had notice of the Terms of Use and of the fact that CoStar is located and headquartered in Bethesda, Maryland, which is its only office.

Third, Bell's Supplemental Memorandum (D.E. 15) likewise adds nothing to its argument. The only apparent purpose of the supplemental memorandum is to inform the Court of a Maryland state law provision that, by Bell's own admission, does not apply to the facts or claims in this case. Bell never asserts that MUCITA applies to CoStar's copyright, breach of contract, or violation of 18 U.S.C. § 1030 claims. To the contrary, Bell states that "MUCITA does not materially change the analysis of facts alleged or law previously presented . . ." and that MUCITA's provision relating to choice of forum agreements "does not alter the legal analysis set forth in Mr. Bell's Memorandum of Law filed on August 11, 2008 . . . ." D.E. 15 at 1, 2. The remainder of his supplement is merely a reiteration of the

arguments in his moving brief. As set forth above, the jurisdictional provision in the Terms of Use is neither unreasonable or unjust. This Court has held that similar provisions are enforceable. *See Koch*, 139 F. Supp. 2d at 692-95. Bell's supplemental memorandum offers no additional reason why this Court should not exercise personal jurisdiction over Bell.

Because Bell does not provide the Court with any reason not to honor the forum selection clause of CoStar's Terms of Use, the clause should be honored and his motion should be denied.

**B.      Personal Jurisdiction Over Bell Is Appropriate Because He Has Committed Tortious Acts In Maryland and Has Purposefully Directed His Tortious Conduct at Maryland**

The Court should find that it may exercise personal jurisdiction over Bell. It is axiomatic that a federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene*, 315 F. Supp. 2d at 768. Bell's contacts with Maryland are such that at all times relevant to this case it should have reasonably anticipated being haled into court here. *Id.* (citations omitted).

First, Bell should not be permitted to claim that he had no reason to believe that his conduct implicated Maryland jurisdiction. Maryland's long-arm statute confers specific jurisdiction, among other things, where a party causes tortious injury in the state. Md. Code Ann. § 6-103(b)(3) and (4). Here, Bell knew he was using CoStar's computers, which are, quite naturally, located in Maryland with CoStar. *See* Williams Decl. at ¶ 6.

Second, exercising personal jurisdiction over Bell would comport with constitutional due process. Courts examine three factors to determine whether specific jurisdiction was appropriate: (1) whether the defendant purposely directed its activities toward residents of Maryland or purposely

availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "'traditional notions of fair play and substantial justice.'" *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) (quoting *Burger King*, 471 U.S. at 477-78).

The first due process factor weighs in favor of exercising jurisdiction because Bell had sufficient minimum contacts with Maryland to reasonably expect that he would be subject to personal jurisdiction in Maryland. The fact that a defendant has never set foot in a jurisdiction is not a determining factor in a court's exercise of personal jurisdiction. *Burger King*, 471 U.S. at 476. Rather, the question is whether Bell has directed his activities at forum residents such that he would have fair warning that he might be subject to the forum's jurisdiction. *Id*. at 472 (citations omitted); *Cole-Tuve*, 342 F. Supp. 2d at 370.

Here, there is little question that Bell directed his tortious activities at Maryland. Bell improperly accessed CoStar's Maryland computer servers and directed his improper conduct at CoStar, which is headquartered in Maryland and which suffered damages in Maryland due to Bell's conduct. Williams Decl. ¶ 6. Bell's efforts involved computer servers located in Maryland and CoStar's Maryland personnel. *Id*.

The second due process factor also weighs in favor of exercising jurisdiction Bell's unauthorized use of CoStar's website was intended to cause tortious injury to CoStar in Maryland, and it is that activity that gave rise to this lawsuit. Therefore, there is a connection between Bell's forum-related activities and CoStar's claims. *See Cole-Tuve*, 342 F. Supp. 2d at 361.[3]

---

[3] Bell relies on *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649 (D. Md. 2001) to support his argument that no personal jurisdiction exists. That case, however, is distinguishable. In *Ottenheimer*, the defendants' contacts with Maryland were not connected to the plaintiff's claims. *Id*. at

The third factor of the due process analysis, reasonableness, also favors the exercise of personal jurisdiction. Factors considered under that analysis include: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Christian Science Bd. of Directors of the First Church of Christ, Scientist*, 259 F.3d 209, 217 (4th Cir. 2001) (citing *Burger King*, 471 U.S. at 477). All of these factors favor the exercise of personal jurisdiction in Maryland. As an initial matter, this case can be adjudicated much more efficiently in this district than in Florida. As is explained in the section of this memorandum addressing Bell's motion to transfer venue, this case would result in a more complete resolution of all the claims against all the parties. Moreover, CoStar has filed a similar case against different defendants that is currently assigned to this Court. Allowing this case to proceed in this district would allow the same Court to resolve the parallel issues in both cases.

Broad policy principles favor the exercise of jurisdiction as well. CoStar is a national commercial real estate information services provider that is headquartered in Maryland. Complaint at ¶¶ 1, 2, 9; Williams Decl. at ¶ 6. CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone. *See* Complaint at ¶¶ 9-10. CoStar, as a Maryland plaintiff, has an interest in obtaining convenient, effective, and consistent relief in cases involving unauthorized access to its databases and

---

651-52, 654-55. In contrast, in this case, Bell's contacts with Maryland, particularly his unauthorized uses of CoStar's web services, are directly connected to CoStar's claims. *See Burger King*, 471 U.S. at 476 n. 18 (even one contact may be sufficient to establish jurisdiction, if the action arises out of that contact).

infringement of its copyrights.  As discussed above, CoStar, which provides national services, also has an interest in protecting itself against being haled into court in all 50 states.  *See infra* at p. 11.  Thus, although Florida is a slightly more convenient forum for Bell, relative convenience is not determinative in the reasonableness analysis, and in this case, the reasonableness factor weighs in favor of exercising personal jurisdiction over Bell.  *See Christian Science*, 259 F.3d at 217-18.

Thus, because the exercise of personal jurisdiction is proper under Maryland's long-arm statute, and because it would comport with due process, Bell's motion to dismiss for lack of personal jurisdiction should be denied.  *See Christian Science*, 259 F.3d at 216-18; *see also Cole-Tuve*, 342 F. Supp. 2d at 361 (foreign defendants who intentionally harm residents of the forum state subject to personal jurisdiction).

## II.     This Court Is the Proper Venue for this Case

### A.     Venue is Proper in Maryland

Contrary to Bell's contention, venue is proper in Maryland.  As an initial matter, venue for claims asserted under the Copyright Act is proper in the district where the defendant "may be found." 28 U.S.C. § 1400(a).  It is "widely accepted that a defendant is found within the meaning of Section 1400(a) wherever the defendant is . . . subject to personal jurisdiction."  Wright, *et al.*, 14D *Federal Practice and Procedure* § 2819.  Because, as explained above, exercise of personal jurisdiction in Maryland over Bell is proper, venue is also proper in Maryland for all the same reasons set forth above. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1097 (C.D. Cal. 2003). Moreover, an action, such as this one, in which jurisdiction is based upon federal question jurisdiction, may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

28 U.S.C. § 1391(b)(2); *see Shropshire v. Fred Rappaport Co.*, 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (holding venue for copyright claim was proper under § 1391(b)). That K&H and Bell are physically located in Florida is not determinative – the illegal access to CoStar's password-protected services and copyrighted photographs occurred in Maryland, where CoStar's computers and internet servers are located. *See* Williams Decl. ¶ 6. Venue is therefore proper in this Court, and this case should not be transferred or dismissed on venue grounds.[4]

### B. This Case Should Not Be Transferred to Florida Because K&H's Filing of its Declaratory Judgment Complaint in Florida State Court Constituted Impermissible Forum-Shopping

Bell's argument that this case should be transferred to the Middle District of Florida on the ground that the action filed by Defendant K&H in Florida was the "first filed" should not succeed because the Florida action is a declaratory judgment action that was filed for forum-shopping purposes in anticipation of this lawsuit.

Ordinarily, there is a presumption that, when parties have instituted competing or parallel litigation in two federal courts, the court that was the first to have jurisdiction should hear the case. *See Ellicot Machine Corp v. Modern Welding Co., Inc.*, 502 F.2d 178, 180, 180 n. 2 (4th Cir. 1974) (recognizing first-to-file rule). The first-filed rule, however, is not to be applied "mechanically." *PBM Products, Inc. v. Mead Johnson & Co.*, 2001 WL 841047 at *2 (E.D. Va. Apr. 4, 2001). "District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Id.* (citations omitted). An exception to the first-filed rule provides that a court may depart from that rule "where one party, on notice of a potential lawsuit, files a

---

[4] It is CoStar's position that venue for a claim arising under the Copyright Act is proper under both 28 U.S.C. § 1391, as it alleges in its Complaint (¶ 6), and under 28 U.S.C. § 1400(a). If the Court wishes,

declaratory judgment action in its home forum" in an attempt to forum-shop. *Jasper Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808 at *5-6 (M.D. Fla. Sept. 3, 1999); *PBM Products*, 2001 WL 841047 at *2; *see also* Wright, *et al.*, 15 *Federal Practice and Procedure* § 3854 ("[E]xceptions [to the first-filed rule] have been found to exist when the district of the first-filed suit appears to have been selected based on forum shopping, anticipatory conduct, or when other special circumstances justify giving priority to the second action."). In deciding a motion to transfer, the most important considerations are conservation of judicial resources and the avoidance of conflicting rulings. *See Jasper*, 1999 WL 781808 at *5-6.

This case should not be transferred based on the first-to-file rule because K&H's purported "first-filed" case is a declaratory judgment action that was filed for forum-shopping purposes, and therefore the "first-filed" rule does not apply. *See PBM Products*, 2001 WL 841047 at *2 (refusing to grant motion to transfer where first-filed case was declaratory judgment action that was filed in "race to the courthouse."). Moreover, the interests of judicial economy would be better-served by allowing the case to proceed in this Court. If the Florida district court grants CoStar's pending motion to transfer venue of K&H's declaratory judgment action to this Court, then consolidation of both cases would be possible, and would result in a more complete resolution of all the actual claims, against all parties, that are raised by the parties' dispute. *See Signtech, Inc. v. Minnesota Mining and Mfg. Co.*, No. S 89-1350, 1989 WL 223012 at *1-2 (D. Md. June 21, 1989) (dismissing first-filed declaratory judgment action on ground that second-filed case brought by declaratory judgment defendant would allow a more complete resolution of the issues in the case and would allow the joinder of a related party). Unlike this case, Bell is not named in the Florida action, and the Florida action does not raise all of CoStar's claims against

---

CoStar can readily submit an amended complaint that includes 28 U.S.C. § 1400(a) as an additional

Bell and K&H. In addition, CoStar has brought a similar case, against different defendants, that is currently pending before this Court. *See* First Amended Complaint, Case No. 08-CV-663-AW (Ex. D). Denying Bell's motion to transfer would allow the same Court to resolve the parallel issues in both cases thus avoiding a duplication of efforts and reducing the risk of inconsistent results. *See Samsung Electronics Co., Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005) (denying motion to transfer, and holding that the court's familiarity with the issues presented in the case is a factor to consider in deciding whether to apply the first-filed rule). The circumstances of this case therefore justify a departure from the first-filed rule, and Bell's motion should be denied.

**C.     The Balance of Convenience Factors Does Not Favor Transfer of This Case to Florida**

The balance of the other convenience factors considered under a § 1404(a) motion does not favor transfer. The § 1404(a) analysis is "flexible and individualized," and the factors that a court considers on a motion to transfer are case-specific. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Factors considered include: the relative ease of access to sources of proof, the convenience of the parties and the witnesses, the locus of operative facts, the plaintiff's interest in its original choice of forum, and trial efficiency and the interests of justice, based on a totality of the circumstances. *See Mamami v. Sanchez de Lozada Sanchez Bustamante*, 2008 WL 1752985 at *2 (D. Md. Apr. 15, 2008).

The balance of factors favor Maryland. The CoStar companies who are the plaintiffs in this action both have their principle places of business in Bethesda, Maryland. *See* Complaint at ¶¶ 1, 2. As noted in a case cited by Bell in his moving brief (D.E. 11 at 14), the plaintiff's choice of forum is accorded significant weight on a motion to transfer venue, which may outweigh the relative

basis for venue.

inconvenience to the defendant that may result if a case is tried in a venue that is not the defendant's first choice. *In re Triton Limited Securities Litig.*, 70 F. Supp. 2d 678, 688-89 (E.D. Tex. 1999); *see also Mamami*, 2008 WL 1752985 at *4. The witnesses who would testify on behalf of CoStar all work out of CoStar's Bethesda, Maryland, office. Williams Decl. ¶ 6. The relevant evidence is located in Maryland – the computer servers, on which access records are kept, are located in Maryland and all of the documents upon which CoStar would rely to prove its defenses and any claims it would join, are located at CoStar's Bethesda, Maryland, office. *Id.* The injury to CoStar resulting from the unauthorized access to CoStar's computer databases was felt by CoStar in Maryland.

Finally, considerations of trial efficiency and the interests of justice based on a totality of the circumstances, by far favor CoStar because this case would allow a more complete resolution of the parties' dispute, and a similar case is already pending before this Court. Under the totality of the circumstances, Maryland is the more appropriate venue for this case and Bell's motion should be denied.

Dated: August 28, 2008                                                     Respectfully submitted,


                                                  _____/s/_____
                                                  Shari Ross Lahlou, Bar. No. 16570
                                                  William J. Sauers, Bar No. 17355
                                                  Crowell & Moring LLP
                                                  1001 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20004
                                                  Telephone: (202) 624-2500
                                                  Facsimile: (202) 628-5116
                                                  Email: slahlou@crowell.com
                                                          wsauers@crowell.com


                                                  *Attorneys for Plaintiffs CoStar Realty*
                                                  *Information, Inc. and CoStar Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that service required by Fed. R. Civ. P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on August 28, 2008:

Paul McDermott Finamore
Niles Barton and Wilmer LLP
111 S Calvert St Ste 1400
Baltimore, MD 21202
14107836300
Fax: 14107836410
Email: pmfinamore@niles-law.com

James B Astrachan
Julie Rebecca Rubin
Astrachan Gunst and Thomas PC
217 E Redwood St 21st Fl
Baltimore, MD 21202
14107833550
Fax: 14107833530
Email: jastrachan@agtlawyers.com
        jrubin@agtlawyers.com

                                                    /s/
                                            William J. Sauers, Bar No. 17355
                                            CROWELL & MORING LLP
                                            1001 Pennsylvania Avenue, NW
                                            Washington, D.C. 20004-2595
                                            Telephone: (202) 624-2500
                                            Facsimile: (202) 628-5116
                                            Email: wsauers@crowell.com

                                            *Attorneys for Plaintiffs CoStar Realty
                                            Information, Inc. and CoStar Group, Inc.*