**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

COSTAR REALTY INFORMATION,
INC. et al.,

    Plaintiffs

v.                                        Civil No.: 08-CV-01575-AW

KLEIN & HEUCHAN, INC., et al.,

    Defendants

_____/

**DEFENDANT BELL'S REPLY IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR,**
**ALTERNATIVELY, TO TRANSFER VENUE**

Defendant Scott Bell, by and through his undersigned counsel and pursuant to Local Rule 105.2(a), hereby respectfully replies in support of his Motion To Dismiss For Lack Of Personal Jurisdiction Or, Alternatively, To Transfer Venue, and states:

**I. SEPTEMBER 3, 2008 - FLORIDA COURT DENIES**
**COSTAR'S MOTION TO DISMISS OR TRANSFER VENUE**

By Order dated and issued September 3, 2008, the United States District Court for the Middle District of Florida, by the Honorable James S. Moody, Jr., denied CoStar's[1] Motion to Dismiss or to Transfer Venue of K&H's declaratory judgment action filed in that court on June 4, 2008 (hereinafter referred to as CoStar's "Florida Motion").

CoStar's Florida Motion contained three core arguments: 1) the case should be dismissed because the Florida action does not include all necessary parties (*i.e.,* Mr. Bell) and will not fully adjudicate the parties' rights because it does not address the alleged copyright infringement; 2) the case should be dismissed because K&H engaged in impermissible forum shopping and, therefore, should not be entitled to the benefits of the "first to file" rule; and 3) alternatively, the case should be transferred to this Court

---

[1] Plaintiffs CoStar Realty Information, Inc., and CoStar Group, Inc., are collectively referred to herein as "CoStar." Klein & Heuchan, Inc., is referred to as "K&H."

for the convenience of the parties under 28 U.S.C. § 1404(a). A true and accurate copy of CoStar's Florida Motion is attached hereto, without exhibits, as **Exhibit A**.

The court expressly rejected each of these arguments in a 5-page Order, a true and accurate copy of which is attached hereto as **Exhibit B**. Specifically, the court held:

1) "Even if Bell is a necessary party to this action, CoStar has given no reason why Bell cannot feasibly be joined." (Ex. B at 3);

2) "[I]n its complaint K&H declared that it is unsure of its rights and obligations or of the existence or non existence of any legal relationship with respect to CoStar, which may encompass copyright issues involved in this dispute." (*Id.*);

3) The "circumstances are not sufficiently compelling to … depart from the first-filed rule," because K&H had attempted, without success, to communicate with CoStar before it filed its claim and because "CoStar did not file in Maryland until June 17, 2008, nearly to weeks after K&H filed its action." (*Id.* at 4); and

4) "Though transferring the case to Maryland would be more convenient for CoStar, the transfer would merely shift the inconvenience to K&H", which is not a proper or an adequate basis for transfer of venue. (*Id.*)

CoStar's Florida Motion concedes that the Maryland and Florida "suits arise out of the same dispute, raise essentially the same issues, and involve the same parties," that "Bell is a necessary party to [the Florida] suit," and that, absent adjudication of its copyright infringement claim – which, according to CoStar, must include Bell – the Florida court would be unable "to accord complete relief among the existing parties." (CoStar's Florida Motion, Ex. A, at 6.) Based on CoStar's representations and assertions in its court papers, Mr. Bell is expected to be joined as a necessary party to the Florida case, and CoStar's copyright claims against him and K&H will be adjudicated there. The case pending before this Court is therefore duplicative and superfluous, and should, on that basis, be dismissed.

## II. UNREASONABLE TO ENFORCE FORUM SELECTION CLAUSE

In addition to the reasons set forth in Bell's memoranda of law in support of the instant motion, in view of the fact that the instant case will be duplicative of and superfluous to the Florida case upon Mr. Bell being joined as a necessary party, the Terms of Use forum selection clause should not be enforced on the basis of unreasonableness. *See Pee Dee Health Care, P.A. v. Sanford,* 509 F.3d 204, 213-14 (4th 2007) (explaining that forum selection clauses should not be enforced where enforcement is shown by the resisting party to be unreasonable for reasons including a "strong public policy of the forum" or extreme inconvenience of the resisting party.)

The Florida court has jurisdiction over all parties to this case and all matters pled herein. CoStar concedes – nay, urged – the Florida court to acknowledge that the Maryland and Florida "suits arise out of the same dispute, raise essentially the same issues, and involve the same parties" and that "Bell is a necessary party to [the Florida] suit" in order that "complete relief among the existing parties" be obtained. (CoStar's Florida Motion, Ex. A, at 6.) Maintenance of this instant case, therefore, risks inconsistent adjudication of the same issues, is duplicative, unnecessary and a gross waste of judicial and party resources. As such, continued maintenance of this case in this Court based upon enforcement of the forum selection clause violates an oft-repeated strong public policy:

> "It is abundantly clear that multiple lawsuits on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources. The Third Circuit aptly explained more than fifty years ago: The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, **public policy** requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.*, 996 F.2d 774, 777 n.9 (5th Cir. 1993) (*citing Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 930 (3d Cir. 1941), *cert denied,* 315 U.S. 813 (1942)) (emphasis added).

## III. NO GENERAL OR SPECIFIC JURISDICTION OVER BELL

It appears that CoStar does not dispute that this Court lacks general personal jurisdiction over Mr. Bell, as CoStar offers no response specifically directed to Mr. Bell's argument that general jurisdiction is lacking on the basis that he does not have systematic and continuous contacts with Maryland, has never entered Maryland and has never conducted business in Maryland. (Bell Affidavit, Exhibit A to the Motion, at ¶¶ 3-4.)

Instead, CoStar focuses its argument on specific jurisdiction. Here, too, the facts overwhelmingly weigh in Mr. Bell's favor. Guided by the three-factor specific jurisdiction analysis set forth in *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.,* 342 F. Supp.2d 362 (D. Md. 2004), CoStar concludes that "exercising personal jurisdiction over Bell would comport with due process." (CoStar Opposition at 13.) CoStar's analysis is faulty and its conclusion is, therefore, incorrect.

In *Cole-Tuve,* citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985), Judge Bennett assessed the exercise of specific personal jurisdiction over foreign defendants. CoStar's incomplete recitation of *Cole-Tuve* and the fitting application of Judge Bennett's analysis to the instant case warrant close attention. The *Cole-Tuve* court began its analysis by laying out the standard framework:

> "[W]here extensive contacts are lacking, the Court may exercise specific jurisdiction if (1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with 'traditional notions of fair play and substantial justice.' The defendant's activities must be purposefully directed at the forum state 'in more than a random, fortuitous, or attenuated way.' However, its contacts with the forum need not be extensive, only seminal or related to the cause of action. Even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that principles of "fair play and substantial justice" are observed.

342 F. Supp.2d at 366 (citations omitted).

Judge Bennett then succinctly reviewed the history of the Fourth Circuit's treatment of the exercise of specific personal jurisdiction over a foreign defendant, including the Fourth Circuit's departure from *Calder v. Jones,* 465 U.S. 783 (1984), in which the Supreme Court created the "effects-test." *Cole-Tuve,* 342 F. Supp.2d at 366. The "effects test" allowed the exercise of jurisdiction over a

4

foreign defendant engaged in conduct designed to have tortious effect within the forum state. *Id.* (*citing Calder v. Jones*, 465 U.S. 783, 789-90 (1984)).

Since *Calder,* Judge Bennett explained, "the Fourth Circuit has seemed to require more than the *Calder* 'effects-test' to hold exercises of jurisdiction over foreign tortfeasors constitutional." *Cole-Tuve,* 342 F. Supp.2d at 366.

> In *ESAB Group Inc. v. Centricut, Inc.,* the court held that a New Hampshire resident's collusion with a Florida resident to appropriate the customer lists and trade secrets of a South Carolina corporation, was not so intentionally directed at South Carolina as to warrant an exercise of specific jurisdiction. **Allowing an exercise of jurisdiction in the state where the plaintiff was injured, when the defendant maintained no other contacts with the state, the court reasoned, would decide the jurisdictional inquiry on "a plaintiff's decision about where to establish residence" rather than whether defendant's activities were "expressly aimed" at the forum. After all, noted the court, a plaintiff always feels the impact of the harm in his or her home state.**

*Cole-Tuve,* 342 F. Supp.2d at 366 (*citing ESAB Group Inc. v. Centricut, Inc.,* 126 F.3d 617, 625 (4th Cir. 1997)).

Judge Bennett then described the importance of *ALS Scan, Inc. v. Digital Service Consultants, Inc.* 293 F.3d 707 (4th Cir. 2002), which is particularly applicable to the instant case, as CoStar has alleged as the sole basis for this Court's exercise of specific personal jurisdiction over Mr. Bell his on-line database access.

> In the case of *ALS Scan, Inc. v. Digital Service Consultants,* 293 F.3d 707 (4th Cir. 2002), the Fourth Circuit addressed whether a "person electronically transmitting...information via the internet to Maryland, causing injury there, subjects the person to the jurisdiction of a court in Maryland." The court held that a state may exercise jurisdiction over a person outside of its borders where that person "(1) directs electronic activity into the State, (2) with the manifest intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts."

*Cole-Tuve, Inc. v. Amer. Machine Tools Corp.,* 342 F. Supp.2d 362, 366-67 (D. Md. 2004) (citations omitted). Under the analysis set forth in *ALS Scan, Inc. v. Digital Service Consultants,* this Court does not have specific personal jurisdiction over Mr. Bell.

## A. *ALS Scan, Inc. v. Digital Service Consultants, Inc.*

In *ALS Scan,* the Fourth Circuit affirmed the district court's dismissal of a complaint against a Georgia-based internet service provider for lack of personal jurisdiction. The plaintiff – a Maryland corporation – asserted that personal jurisdiction existed on the basis that the Georgia defendant enabled a website owner to publish photographs in violation of the copyright interests of the plaintiff Maryland corporation. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 709 (4th Cir. 2002).

In its motion to dismiss for lack of personal jurisdiction, Digital stated that: "other than through the Internet, it has no contacts with the State of Maryland. It avers that it conducts no business and has no offices in Maryland; that it has no contracts with any persons or entities in Maryland; that it derives no income from any clients or business in Maryland; that it does not advertise in Maryland (other than through its website); and that it owns no property in Maryland." *Id.* at 709-10.

The district court, through Judge Alexander Harvey II, examined as a question of first impression in the Fourth Circuit "whether a person electronically transmitting or enabling the transmission of information via the Internet to Maryland, causing injury there, subjects the person to the jurisdiction of a court in Maryland." *ALS Scan, Inc.,* 293 F.3d at 712.

Adopting the model set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* 952 F. Supp. 1119 (W.D. Pa. 1997), the district court concluded that personal jurisdiction exists over a foreign defendant when that person:

> "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts."

*Id.* at 714.

In the instant case, CoStar alleges that Mr. Bell's contacts with Maryland are limited to his Internet access of a database, the computer servers for which are located in Maryland. Mr. Bell had no *intent*, and manifested no *intent*, to engage in business or any other interactions in the State, and CoStar does not so allege. Indeed, Mr. Bell testified: "I never understood that, by using the database, I might be sued in Maryland. If I had known that, I wouldn't have used CoStar's database products." (Bell

6

Affidavit, Ex. A to the Motion, at ¶ 6.) There is no question that Mr. Bell has never engaged in any business in the State, nor has he had any other interactions within the State. (Bell Affidavit, Ex. A to the Motion, at ¶¶ 3-4.) Like Digital, Mr. Bell did not "knowingly" access images through a computer server located in Maryland "with the intent of engaging in business or any other transaction in Maryland." *Id.* at 714-15; Second Affidavit of Scott Bell, attached hereto as **Exhibit C**, at ¶ 2. Mr. Bell's alleged activity, therefore, fails to satisfy the three prongs required under *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 709 (4th Cir. 2002). As such, this Court does not have specific personal jurisdiction over Mr. Bell.[2]

## IV. ALL TRANSFER OF VENUE FACTORS WEIGH IN MR. BELL'S FAVOR

Although, CoStar half-heartedly concedes that Florida "is a slightly more convenient forum for Bell," relying on this Court's recent decision in *Mamani v. Bustamante,* 547 F. Supp.2d 465 (D. Md. 2008) (Williams, Jr., J.), CoStar urges that transfer of venue under 28 U.S.C. § 1404(a) is inappropriate. (Opposition to Motion at 8.) In fact, however, the analysis and each factor set forth in *Mamami* weighs decidedly in favor of transferring the case to the Florida district court. In *Mamami*, this Court explained:

> "The standards for transfer under § 1404 are: "(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice." In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." Courts are to consider the following factors: (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice."

547 F. Supp.2d at 469 (citations omitted).

### A. THIS CASE COULD HAVE BEEN BROUGHT IN FLORIDA

There is no question that this case could have been brought in Florida. K&H and CoStar are litigating in Florida a case that – as CoStar has stated – "arise[s] out of the same dispute, raise[s] essentially the same issues, and involve[]s the same parties," and in which "Bell is a necessary party." (CoStar's Florida Motion, Ex. A, at 6.) Mr. Bell does not dispute that the Middle District of Florida has personal jurisdiction over him, and CoStar has already announced its intention to join him as a party as a

---

[2] CoStar does not appear to refute that Mr. Bell lacks sufficient contacts to satisfy general jurisdiction.

necessary party. And, of course, there is no question that the Florida district court has subject matter jurisdiction over copyright infringement claims.

### B. FLORIDA IS CONVENIENT

In answer to CoStar's argument that its witnesses, computer servers and documents are located in Maryland (Opposition to Motion at 20), pursuant to Judge Moody's order, CoStar will be compelled to transport these things for litigation against K&H[3] – litigation in which CoStar ha stated plans to join Mr. Bell. Further, CoStar repeatedly reminds the Court of its national business presence. (*See., e.g.,* Opposition to Motion at 11, 15.) CoStar regularly conducts business in Florida, is currently litigating in Florida with K&H, and does not find Florida an unduly inconvenient forum, at least according to its Terms of Use, which entitle it to sue in Florida, if a user is "located" there. (Terms of Use, Ex. B to Motion, at 10.) In view of these facts, the Middle District of Florida, Florida – not Maryland – is the proper venue for this case under 28 U.S.C. § 1404(a).

### C. TRANSFER IS IN THE INTERESTS OF JUSTICE

"The purpose of § 1404 (a) is 'to prevent the waste of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Mamani v. Bustamante,* 547 F. Supp.2d 465, 469 (D. Md. 2008). Further, as set forth by the oft-repeated *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 930 (3d Cir. 1941), duplicative litigation is contrary to the public's best interest, and, therefore, justice. As such, there can be no legitimate doubt that transfer of this case best serves the interests of justice.

K&H and Mr. Bell are both located in Florida; CoStar regularly conducts business in Florida. In view of Judge Moody's order, the Florida litigation (in which Mr. Bell will be joined) must not be overlooked as a chief consideration in determination of whether the interests of justice require that this case be transferred to the Middle District of Florida.

---

[3] It is dubious at best that CoStar's computer servers will require examination or transport to Florida for litigation, as – aside from their existence as the repository of digital images at issue in the case – they are not substantively relevant for purposes of establishing or refuting copyright infringement.

8

In answer to CoStar's charge that Mr. Bell has failed to meet his burden of demonstrating the gross inconvenience of litigating in this forum, in addition to the fact that Mr. Bell has no contact or connections with Maryland whatsoever, and that Maryland is many hundreds of miles from his home, due to the real estate market, Mr. Bell's income has been severely depressed and inconsistent, and is considerably less than it was at the time of the relevant facts pled in the case. (Second Affidavit of Scott Bell, Ex. C, at ¶ 3.) As such, the financial cost of litigation in Maryland would be oppressive. (*Id.*) Moreover, Mr. Bell is a now a stay-at-home dad to his 2-month and 20-month old babies, as his wife attempts to earn sufficient income to support their family of four. (*Id.* ¶ 4.) If Mr. Bell were forced to travel for litigation in Maryland – in addition to the exacting financial burden – Mr. Bell and his wife would be without child care of their two babies. (*Id.* ¶ 5.)

Finally, CoStar argues that the existence of another case in which CoStar is a plaintiff in this Court ought to influence this Court's determination not to transfer venue of this case to Florida – despite the existence of a case arising out of the same facts and involving the same necessary parties. (Opposition to Motion at 15, 20.) Aside from the fact that CoStar fails even to identify the litigation of which it speaks, it is of no moment. CoStar's election to sue another party in this forum has nothing whatsoever to do with this case or the relative rights of its parties. Specifically, CoStar's maintenance of litigation in this Court against a defendant wholly unrelated to Bell neither diminishes nor impairs Mr. Bell's rights; nor does it ameliorate the extreme financial and general inconvenience and burden imposed upon Mr. Bell by litigation in this forum. CoStar's litigation practices that have no connection to this case should not influence this Court's analysis.

## V. <u>CONCLUSION</u>

For the reasons set forth herein and in the Motion To Dismiss For Lack Of Personal Jurisdiction Or, Alternatively, To Transfer Venue, Mr. Bell respectfully requests that this Court dismiss this case against him for lack of personal jurisdiction or, alternatively, that this Court transfer this action to the Middle District of Florida, Tampa Division.

Respectfully submitted,

/S/

_____
James B. Astrachan, Federal Bar #03566
Julie R. Rubin, Federal Bar #25632
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street
Suite 2100
Baltimore, Maryland 21202

410.783.3550 telephone
410.783.3530 facsimile

*Attorneys for Defendant Scott Bell*

21063.001.74830