THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| COSTAR REALTY INFORMATION, INC., *et al.*, | * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. AW-08-1575 |
| KLEIN & HEUCHAN, *et al.*, | * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Plaintiffs, CoStar Realty Information, Inc., and CoStar Group, Inc., ("CoStar") bring this action against Defendants, Klein & Heuchan, Inc. ("K&H") and Scott Bell ("Bell") alleging contributory and vicarious copyright infringement by K&H, and copyright infringement, a violation of the Computer Fraud and Abuse Act, and breach of contract by Bell. Currently pending before the Court are Defendants' Motions to Dismiss for Lack of Personal Jurisdiction or, in the alternative, Transfer Venue (Docket Nos. 8 and 11) and Motion for Leave to File Supplemental Memorandum (Docket No. 19). The Court has reviewed the entire record, as well as the pleadings and any exhibits, if any, with respect to the instant motions. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons that follow, the Court will grant Defendants' Motion to Transfer Venue.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

CoStar, is Delaware corporation with its principal place of business and corporate offices located in Bethesda, Maryland. (Compl. ¶ 1.) CoStar is a national commercial real estate services provider that makes its services available to its clients through an online

1

database. (*Id.* at ¶ 9.) Defendant, K&H, is a Florida corporation that is based solely in Florida. (*Id.* at ¶ 3.) Defendant, Bell, is an employee or an independent contractor who provides services to K&H. (*Id.* at ¶ 4.) The action arises out of a dispute between CoStar, K&H, and Bell over an alleged unauthorized use of CoStar's database by the Bell, who is an employeee or independent contractor of K&H. (Compl. ¶22.) On May 28, 2008, CoStar sent K&H a letter and draft complaint of an action to be filed in federal court in Maryland if the parties could not resolve the issue by June 3, 2008. (Ex. B.) On June 4, 2008, K&H filed a declaratory judgment action in Florida state court, requesting the court to declare its legal rights and obligations regarding the dispute over the use of CoStar's services. (Paper 16.) CoStar filed this action in this Court on June 17, 2008. CoStar then removed the Florida state court action to the U.S. District Court for the Middle District of Florida on June 25, 2008. After removing the case, CoStar filed Motions to Dismiss and Transfer Venue to the U.S. District Court for the District of Maryland arguing that K&H engaged in impermissible forum shopping by filing their action first in anticipation of CoStar filing an action in the U.S District Court for the District of Maryland. On September 3, 2008, the U.S. District Court for the Middle District of Florida, Judge James S. Moody, Jr., did not find CoStar's allegations sufficiently compelling to depart from the first-filed rule, and denied CoStar's motions.

## II.     ANALYSIS

K&H and Bell argue that this action is the same as the case in the U.S. District Court for the Middle District of Florida because both cases involve the same parties, same claims, and this action is subject to the "first to file principle." CoStar maintains that this case comes within an exception to the "first to file principle" because K&H only filed the declaratory judgment

2

action to engage in impermissible forum shopping and in anticipation of litigation. While this Court has the same suspicions that K&H filed its Florida lawsuit in anticipation of litigation in this district, there are practical reasons to avoid duplication of efforts, and therefore the Court will grants Defendants' Motion to Transfer in the interest of judicial economy.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Also, a court may transfer a case if it is in the interest of judicial economy. *See Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 181 (4th Cir. 1974). The Court finds that transferring this case is proper because, the litigation in the Middle District of Florida involves the same parties and the same issues, the judge in the Middle District of Florida has denied CoStar's Motion to Transfer the case to this Court, and finally in the interest of judicial administration, it will conserve judicial resources and ensure a fairer outcome to decline to hear a case involving similar litigation between the same parties, on the same facts, and the same claims. Therefore, IT IS this **26th day of March, 2009**, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendants' Motions to Transfer Venue (Docket Nos. 8 and 11) BE, and the same hereby IS, **GRANTED**;

2. That Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (Docket Nos. 8 and 11) BE, and the same hereby IS, **DENIED as moot**;

3. That Defendants' Motion for Leave to file Supplemental Memorandum (Docket No. 19) BE and the same hereby is **DENIED as moot;**

4. That the Clerk of Court transfer this case to the United States District Court for

3

the Middle District of Florida;

5. That the Clerk of Court transmit a copy of this Order to all counsel of record;

   AND

6. That the Clerk of Court **CLOSE** this case.

_____/s/_____
Alexander Williams, Jr.
United States District Judge